FIRST NATIONAL BANK of Fort Smith, Trustee *v.*
MERCANTILE BANK of Jonesboro, Arkansas; and
Elizabeth Doss, Clifton Morehart, Carl Powell, and James
Young, Individually and on Behalf of All Other Persons
Similarly Situated, Intervenors/Appellees

89-299                                         801 S.W.2d 38

Supreme Court of Arkansas
Opinion delivered December 17, 1990

*Friday, Eldredge & Clark*, by: *Elizabeth J. Robben* and *Thomas F. Meeks*, for appellant.

*Mitchell, Williams, Selig & Tucker*, by: *Byron Freeland* and *Richard C. Jans*, for appellee.

*James H. Phillips* and *Paul Byrd*, for intervenors-appellees.

CAROLYN B. WITHERSPOON, Special Justice. This appeal concerns the certification of a class action.

In June 1983, the City of Fort Smith issued Industrial Revenue Bonds in the amount of $5.9 million. The proceeds of the bonds were loaned to Arkansas Cold Storage, Inc. (Storage) for the purpose of financing the acquisition and expansion of an existing storage and public commodity warehouse facility in Fort Smith. After Storage defaulted, the appellant, First National Bank of Fort Smith (FNB), acting as trustee of the bond issue, commenced foreclosure. Subsequently, a committee of bondholders was organized, and the appellee, Mercantile Bank of Jonesboro (Mercantile), chaired that committee.

Thereafter, in July 1987, Mercantile, acting as a bondholder, initiated a lawsuit on its own behalf and on behalf of all bondholders similarly situated against FNB as trustee of the bond issue. Mercantile sued for breach of trust and negligence in the administration of the Trust and sought to maintain the action as a class action under the provisions of Ark. R. Civ. P. 23.

FNB, in its answer, denied all allegations and asserted a counterclaim against Mercantile. The counterclaim alleged that Mercantile was a co-trustee for the bond issue and that its breach of fiduciary duty and negligence was the proximate cause of its own damage. FNB also alleged that it would be entitled to contribution from Mercantile as a joint tortfeasor. Mercantile denied that it was a co-trustee of the bond issue.

On February 17, 1988, the Circuit Court of Sebastian County conducted a hearing on Mercantile's motion to certify the action as a class action. In its order denying class certification, the trial court stated that FNB's answer and counterclaim raised questions of fact and law pertaining to Mercantile that were not

common to other members of the proposed class.

In October 1988, the appellees, Elizabeth Doss, Clifton Morehart, Carl Powell, and James Young (Intervenors), each a bondholder, moved to intervene individually and on behalf of all other persons similarly situated for their claims of breach of trust and negligence against FNB. They also moved to certify the matter as a class action pursuant to Rule 23.

A hearing was held on the Intervenors' Rule 23 motion on May 5, 1989. At the conclusion of the hearing, an in-chamber conference was held. Counsel for the Intervenors stated that he would investigate suing Mercantile and any other parties. Mercantile announced that it would be willing to be made a party defendant by the Intervenors and that counsel would accept service on behalf of Mercantile. The circuit court then certified the matter as a class action.

FNB appeals, arguing that the trial court abused its discretion in certifying the Intervenors as party representatives as the requirement of adequacy of representation, a prerequisite for class certification under Rule 23, has not been met. We hold that the trial court did not abuse its discretion in certifying this as a class action and affirm.

FNB does not dispute that this action is appropriate for class certification. Rather, it argues that Mercantile, acting through its counsel after it was denied class representative status, recruited the Intervenors and provided them with paid legal counsel. According to FNB, the Intervenors are merely the "alter ego" of Mercantile, who is really controlling the litigation. Thus, since Mercantile could be liable to the class members, there is an appearance of a conflict of interest between the two parties. Therefore, FNB maintains that the requirement of adequacy of representation under Rule 23 has not been met.

In support of its position, FNB relies upon the following evidence presented at the Intervenors' class certification hearing: the committee of bondholders was represented by the law firm of Mitchell, Williams, Selig and Tucker (Mitchell Law Firm); Mercantile, chairman of that committee, is also represented by the Mitchell Law Firm; the Intervenors received their information as to the lawsuit at bondholder committee meetings and from

the Mitchell Law Firm; the Intervenors' attorney was recommended by the Mitchell Law Firm; the Intervenors do not have a consistent understanding as to their financial responsibilities with respect to their attorney; none of the Intervenors had investigated any potential claims against Mercantile or any other parties. The attorneys for the Intervenors and Mercantile do not deny that they communicated, but maintain that they each exercise independent control in pursuit of their separate claims.

Rule 23 governs class action certifications. Subsection (a) provides:

> Where the question is one of a common or general interest of many persons, or where the parties are numerous, and it is impracticable to bring all before the court within a reasonable time, one or more may sue or defend for the benefit of all.

There have been very few opportunities for this court to interpret the provisions of Rule 23. The Federal Rules of Civil Procedure expressly provide that class certification is dependent upon the representative parties "fairly and adequately protect[ing] the interests of the class." Fed. R. Civ. P. 23(a)(4). Our rule does differ somewhat from the wording of Fed. R. Civ. P. 23. However, in our leading case, we compared and contrasted our rule and the federal rule and noted that the "spirit of the federal rule is to be found in our Rule 23 even if all the words are not." *International Union of Elec. Workers* v. *Hudson*, 295 Ark. 107, 116, 747 S.W.2d 81, 86 (1988).

So, "[w]hile it is true that subsection (a) of our rule differs from that of the federal rule, the difference is one of language only. Both set out the same basic requirements for a class action." *Id*. Thus, the adequacy requirement is embodied implicitly in our Rule 23.

Subsection (d) of our rule further provides that at any stage of the litigation the court may impose terms that will fairly and adequately protect the interests of the class. "Whenever the representation appears to the court inadequate fairly to protect the interests of absent parties who may be bound by the judgment, the court may at any time" enter an order to eliminate any reference to representation of absent persons. Ark. R. Civ. P.

23(d). In this manner the trial court maintains constant control over the litigation.

■ We have consistently recognized that the trial judge has broad discretion as to whether or not a class should be certified. *International Union of Elec. Workers* v. *Hudson*, *supra*. This important principle cannot be overlooked in this case.

There are no Arkansas cases analyzing the requirement of adequacy of representation; consequently, relevant cases interpreting Federal Rule 23 are helpful in resolving the issue before us.

In *Gentry* v. *C & D Oil Co.*, 102 F.R.D. 490, 493 (W.D.Ark. 1984), an antitrust case, the court analyzed Fed. Rule 23 and, in discussing the adequacy of representation requirement, noted:

> The elements of the requirement are: (1) the representative counsel must be qualified, experienced and generally able to conduct the litigation; (2) that there be no evidence of collusion or conflicting interest between the representative and the class; and (3) the representative must display some minimal level of interest in the action, familiarity with the practices challenged, and ability to assist in decision making as to the conduct of the litigation.

Our inquiry must thus begin with an analysis of those elements. First, FNB does not contend that the Intervenors' counsel is inadequate, inexperienced or unable to conduct this litigation. FNB did not raise any allegations of unethical conduct on the part of class counsel or violations of our Rules of Professional Conduct to the trial court. Further, FNB did not move to disqualify the Intervenors' attorney from conducting the litigation. Both of these avenues have been found to be relevant to the question of whether or not a class should be certified. *See In re Fine Paper Antitrust Litigation*, 617 F.2d 22 (3d Cir. 1980); *North Am. Acceptance Corp.* v. *Arnall, Golden & Gregory*, 593 F.2d 642 (5th Cir. 1979); *Halverson* v. *Convenient Food Mart*, 458 F.2d 927 (7th Cir. 1972); *duPont Glore Forgan* v. *AT&T*, 69 F.R.D. 481 (S.D.N.Y. 1975).

■ Second, there is no evidence in the record of any conflicting interests between the Intervenors and the other members of the class. The third element or test has been stated to

be "whether the representative has a sufficient interest in, and nexus with, the class to ensure vigorous prosecution of the action." *Gentry, supra* at 494. The Intervenors displayed the necessary interest in this action and were familiar with the litigation. They all testified that they would have no hesitancy to sue Mercantile if advised by counsel that such was warranted. The Intervenors thus satisfied the trial court as to their ability to conduct the litigation. Therefore, the Intervenors have met all of the necessary elements with respect to the adequacy of representation requirement set forth in *Gentry*.

■■ FNB argues, however, that Mercantile is the *real* class representative and that its potential liability to the other class members prevents adequacy of representation. First, the trial court rejected FNB's argument that Mercantile controlled the Intervenors. This decision was based on the testimony of the four Intervenors and the statements of the attorneys for both Mercantile and the Intervenors. There was, at the very most, only an appearance of a conflict of interest. The trial judge was in the best position to assess the credibility of the witnesses. He was apparently satisfied with their testimony and with the assurances made by both attorneys. In cases where the issue before us turns heavily upon the credibility of the witnesses, we will defer to the trial judge. *Ford Motor Credit Co.* v. *Nesheim*, 287 Ark. 78, 696 S.W.2d 732, (1985), *rev'd on other grounds*. Second, Mercantile's liability is a question of fact to be determined on the merits of the case. Such an inquiry into the merits has been held inappropriate in determining whether an action may be maintained as a class action under Fed. Rule 23. *See Eisen* v. *Carlisle & Jacquelin*, 417 U.S. 156 (1974).

Also, of paramount importance is the fact that Rule 23(d) imposes a continuing duty upon the trial court to ensure that the class is adequately represented throughout the litigation. Thus, our affirmance today does not end the trial court's role with respect to this case. If at any time the court finds that the representation by the Intervenors or their counsel is inadequate, it may require additional terms and conditions to protect against any unfairness pursuant to Rule 23(d).

The trial court properly exercised its broad discretion in certifying this case as a class action under Rule 23. The decision

of the trial court is affirmed.

Affirmed.

Special Justices STEVE ENGSTROM, GEORGE D. ELLIS, and DON EILBOTT join in this opinion.

HAYS, GLAZE, TURNER, and PRICE, JJ., not participating.