# DIRECT GENERAL INSURANCE COMPANY, MSI
Insurance Company, Direct General Insurance Agency, Inc., A. C. Payne, and John Does 1-275 *v.* Jolanda LANE

96-1554 944 S.W.2d 528

Supreme Court of Arkansas
Opinion delivered May 12, 1997

*Mitchell, Williams, Selig, Gates & Woodyard PLLC*, by: *Byron Freeland*, for appellants.

*Allen Law Firm*, by: *H. William Allen*, for appellee.

DAVID NEWBERN, Justice. Direct Insurance Company and the other appellants have brought this interlocutory appeal from the Trial Court's order certifying a class action. *See* Ark. R. App. P.—Civ. 2(a)(9). We will refer to the appellants collectively as "Direct Insurance." Jolanda Lane, the appellee, brought an action against Direct Insurance on her own behalf and proposed to represent two subclasses of individuals who entered into agreements with Direct Insurance for the purpose of financing the premiums for their automobile liability insurance policies. Ms. Lane alleged that she and other individuals were charged a usurious interest rate in violation of Ark. Const. art. 19, § 13, and that certain aspects of the premium-finance agreements violated the federal Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1693 (1994), and the regulations promulgated thereunder, including Regulation Z, 12 C.F.R. § 226.1. Ms. Lane sought damages under these federal provisions and under Arkansas usury law.

The Trial Court held a hearing on the certification motion, which was resisted by Direct Insurance. Pursuant to Ark. R. Civ. P. 23, the Trial Court granted Ms. Lane's motion and permitted her to act as the representative of one subclass of individuals asserting usury claims and a second subclass asserting TILA claims. On appeal, Direct Insurance contends that the Trial Court's certification order should be reversed because Ms. Lane's claim is not typical of the claims of the other class members and because Ms. Lane will not fairly and adequately protect the interests of the two subclasses. We hold that the Trial Court did not abuse its discretion in certifying the class action and affirm.

In determining whether to certify a class action, a trial court must consider the factors set forth in Ark. R. Civ. P. 23, which provides in part as follows:

> (a) PREREQUISITES TO CLASS ACTION. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

> (b) CLASS ACTIONS MAINTAINABLE. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. . . . .

Direct Insurance does not argue that the "numerosity" and "commonality" elements under subdivision (a) of the rule, or the "predominance" and "superiority" elements under subdivision (b) of the rule, are not satisfied. Rather, Direct Insurance asserts only that the Trial Court erred in finding that the "typicality" and "adequacy of representation" elements under Rule 23(a) were satisfied. Given the "longstanding rule that the trial judge has broad discretion in matters of class certification," *Union Nat'l Bank v. Barnhart,* 308 Ark. 190, 197, 823 S.W.2d 878, 881 (1992), we conclude that the Trial Court's order in this case must be affirmed. *See also First Nat'l Bank v. Mercantile Bank,* 304 Ark. 196, 200, 801 S.W.2d 38, 40 (1990)("We have consistently recognized that the trial judge has broad discretion as to whether or not a class should be certified.").

### 1. Typicality

We explained in *Summons v. Missouri Pac. R.R.,* 306 Ark. 116, 813 S.W.2d 240 (1991), that a representative's claim is typical of the class members' claims under Rule 23(a)(3) if the representative's claim arises from the same wrong allegedly com-

mitted against the class. Quoting a passage from Professor New-berg's treatise on class actions, we said:

> Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct. In other words, when such a relationship is shown, a plaintiff's injury arises from or is directly related to a wrong to a class, and that wrong includes the wrong to the plaintiff. Thus, a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory. When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of varying fact patterns which underlie individual claims.

*Summons v. Missouri Pac. R.R.*, 306 Ark. at 121, 813 S.W.2d at 243, *quoting* HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS, § 3.13, at pp. 166–67 (2d ed. 1985).

In the *Summons* case, we rejected the argument that the representatives' claims were not typical of the class members' claims simply because the representatives' allegations as to their injuries and damages differed from the injuries and damages allegedly suffered by the class members. "Although the Summonses' allegations as to their injuries and damages are different from those they describe for other members of the class," we said, "their claims are typical in the sense that they arise from the alleged wrong to the class which includes the wrong allegedly done to them, and that is sufficient." *Summons v. Missouri Pac. R.R.*, 306 Ark. at 121, 813 S.W.2d at 243.

We followed this reasoning in *Cheqnet Systems, Inc. v. Montgomery*, 322 Ark. 742, 911 S.W.2d 956 (1995). In that case, Ms. Montgomery filed a class-action complaint alleging that Cheqnet violated the Federal Fair Debt Collections Practices Act by charging a fee for returned checks in excess of the amount set by the Act. Cheqnet objected to certification and contended that Ms. Montgomery's claim was atypical of the other members' claims because she had never paid the alleged overcharge.

We affirmed the Trial Court's decision to certify. We rejected Cheqnet's argument concerning the typicality requirement because we found that

> Montgomery's injuries and damages arise from the same wrong allegedly committed against the class—the collection or attempt to collect for dishonored checks in violation of Arkansas statutory law. *The fact that the injuries and damages suffered as a result of the alleged wrongdoing may vary among class members does not make this action fail the typicality requirement, and the fact that Montgomery did not actually pay the overcharge does not keep her claim from being typical of the class since the class is defined as those persons from whom appellant collected or attempted to collect a $25 service fee per returned check.* Cheqnet's argument that Montgomery was not damaged involves a fact question that is common to all class members from whom appellant attempted unsuccessfully to collect $25.

*Cheqnet Systems, Inc. v. Montgomery*, 322 Ark. at 749-50, 911 S.W.2d at 959 (emphasis added).

■ Finally, in *Farm Bureau Mutual Ins. Co. v. Farm Bureau Policy Holders*, 323 Ark. 706, 918 S.W.2d 129 (1996), we again stressed that the typicality requirement may be satisfied even where the class representative and the class members stand to recover different amounts of damages. In that case, the plaintiff alleged that Farm Bureau had been wrongfully collecting annual membership dues from its policy holders. We affirmed the Trial Court's ruling on the typicality question because we found that "the allegation is that dues were wrongfully collected by the companies. Therefore, even though some class members may collect more than others, the claims are still typical because they arise from the same alleged wrong." *Farm Bureau Mutual Ins. Co. v. Farm Bureau Policy Holders*, 323 Ark. at 711, 918 S.W.2d at 131.

■ While we do not necessarily agree with the assessment that Rule 23(a)(3) imposes a *"liberal* typicality standard," Kenneth S. Gould, *New Wine in an Old Bottle—Arkansas's Liberalized Class Action Procedure—A Boon to the Consumer Class Action?*, 17 U.A.L.R. L.J. 1, 25 (1994)(emphasis added), we hold that the Trial Court did not abuse its discretion in this case by concluding that the typicality prerequisite was satisfied. Ms. Lane's claims and those of the class members arise from precisely the same wrong

allegedly committed by Direct Insurance. Here, the allegations are that Direct Insurance (1) levied a usurious interest rate through the premium-finance agreements in violation of the Arkansas Constitution, and (2) made certain misrepresentations in the agreements concerning the interest rate and other charges and fees in violation of federal statutory and regulatory provisions. Because Ms. Lane's claims and those of the class members all arise from this alleged misconduct, the typicality requirement is satisfied.

Direct Insurance maintains on appeal that Ms. Lane's claims are *not* typical of the other class members' claims because, in its view, Ms. Lane has not paid any interest and therefore has suffered no damage. Direct Insurance presented this very argument to the Trial Court in seeking summary judgment. The Trial Court denied Direct Insurance's motion for summary judgment because it believed there was a factual dispute as to whether Ms. Lane had suffered damages. The Trial Court pointed out that Ms. Lane had paid a $15 "policy fee" as part of a $130.75 down payment on her insurance policy. The Trial Court concluded that reasonable minds could differ as to whether the $15 fee constituted interest charged in violation of usury law or the federal provisions mention above.

Generally speaking, a trial court's order denying a motion for summary judgment is neither reviewable nor appealable. *Nucor Holding Corp. v. Rinkines,* 326 Ark. 217, 931 S.W.2d 426 (1996); *Amalgamated Clothing v. Earle Indus., Inc.,* 318 Ark. 524, 886 S.W.2d 594 (1994). Direct Insurance acknowledges this well-settled principle, and it maintains that it is not seeking review of the Trial Court's denial of summary judgment. Nonetheless, Direct Insurance asks us to find that Ms. Lane has not suffered any damages and that her claim, therefore, is not typical of the class members' claims under Rule 23(a)(3).

We decline to decertify the two subclasses on the basis of Direct Insurance's position that Ms. Lane has not suffered damages. In ruling against Direct Insurance on its motion for summary judgment, the Trial Court determined that there is a genuine factual dispute as to whether the $15 fee paid by Ms. Lane was charged by Direct Insurance in violation of the usury laws or

the relevant federal provisions. Although we have not been asked to review or reverse this finding of the Trial Court, we would have to disregard it entirely in order to reverse the Trial Court's certification order on the ground advanced by Direct Insurance. We are reluctant to do so. While the findings made by the Trial Court in connection with its summary-judgment ruling may not control our analysis of the Trial Court's certification ruling, we simply are not in a position to conclude that Ms. Lane has not suffered damages and is therefore presenting claims that are atypical of the class members' claims.

Even if it were true that Ms. Lane has suffered little, if any, damages in relation to the other class members, this fact, in light of our holdings in the *Summons, Cheqnet,* and *Farm Bureau* cases, does not mean that the typicality prerequisite has not been satisfied. As we have said, Ms. Lane's claims are typical of those of the class members because they all arise from the same alleged "wrong" committed by Direct Insurance. An alleged disparity between the injuries or damages suffered by the class representative and the class members does not make the action fail Rule 23's typicality requirement.

Moreover, it is apparent that Direct Insurance, by asserting that Ms. Lane has not suffered any damages, has attempted to defeat class certification by delving into the merits of the case. That is inappropriate. In the *Farm Bureau* case, we said that the trial court's proper focus in deciding whether to certify a class "is not 'whether the plaintiff or plaintiffs *have stated a cause of action or will prevail on the merits,* but rather whether the requirements of Rule 23 . . . are met.'" *Farm Bureau Mutual Ins. Co. v. Farm Bureau Policy Holders,* 323 Ark. at 709, 918 S.W.2d at 130 (citations omitted). As we observed, "it is totally immaterial whether the petition will succeed on the merits or *even if it states a cause of action. . . ." Id.* "[A]n order denying or granting class certification is separate from the merits of the case." *Farm Bureau,* 323 Ark. at 710, 918 S.W.2d at 130-31. *See First Nat'l Bank v. Mercantile Bank,* 304 Ark. 196, 801 S.W.2d 38 (1990).

We do not know if Ms. Lane will prevail on the merits of her case, but that question is irrelevant at this point. Even if Ms. Lane

ultimately fails to make her case as to damages, the question before the Trial Court was whether the claims of Ms. Lane and the class members arise from the same wrong allegedly committed by Direct Insurance. We cannot say that the Trial Court abused its discretion by answering this question affirmatively.

### 2. Adequacy of representation

■ We further hold that the Trial Court did not abuse its discretion by finding that Ms. Lane, in accordance with Rule 23(a)(4), will fairly and adequately protect the interests of the two subclasses that were certified in this case. In *First Nat'l Bank v. Mercantile Bank*, 304 Ark. 196, 200, 801 S.W.2d 38, 40-41 (1990), we quoted the following passage from *Gentry v. C & D Oil Co.*, 102 F.R.D. 490, 493 (W.D. Ark. 1984), in describing the "adequacy of representation" prerequisite:

> The elements of the requirement are: (1) the representative counsel must be qualified, experienced and generally able to conduct the litigation; (2) that there be no evidence of collusion or conflicting interest between the representative and the class; and (3) the representative must display some minimal level of interest in the action, familiarity with the practices challenged, and ability to assist in decision making as to the conduct of the litigation.

We have continued to cite this language for the proposition that the "adequacy of representation" element is satisfied if the representative displays a *minimal* level of interest in the action, familiarity with the challenged practices, and ability to assist in litigation decisions. *See Cheqnet Systems, Inc. v. Montgomery*, 322 Ark. at 750, 911 S.W.2d at 959; *Union National Bank v. Barnhart*, 308 Ark. 190, 198, 823 S.W.2d 878, 882 (1992).

■ At the certification hearing, Ms. Lane testified that she understood the responsibility she was undertaking by agreeing to become the class representative. She said that she had discussed the matter with her mother and that she had visited with her attorney several times about the case and had reviewed the relevant documents. According to Ms. Lane, she decided to become a class representative out of a desire to prevent Direct Insurance from charging other people excessive interest and fees, and she

hopes to recover any amount that is found to be an overcharge. Moreover, the record demonstrates that the Allen Law Firm, which represents Ms. Lane, has extensive experience in conducting class-action litigation. Based on the testimony presented in the hearing and other evidence in the record, the Trial Court clearly acted within its discretion in concluding that Ms. Lane will adequately and fairly represent the interests of the two subclasses.

 Direct Insurance contends, however, that Ms. Lane will be unable to protect the interests of the subclasses because she has suffered no damage herself and therefore does not have a sufficient interest in the case. As we mentioned above, we cannot say at this point that Ms. Lane has not suffered damages on account of the alleged misconduct of Direct Insurance, and we stress the inappropriateness of contesting class certification by raising merits-based arguments. Ms. Lane demonstrated that she is committed to pursuing the case against Direct Insurance, and her interest in the action is clearly sufficient to satisfy the requirements of Rule 23(a)(4).

Affirmed.