BPS, INC. and Micro Flo Company *v.*
Clarence RICHARDSON, Sylvester King,
Vickie Sheppard, and Palestine Fitzgerald *et al.*

99-912                                        20 S.W.3d 403

Supreme Court of Arkansas
Opinion delivered July 7, 2000

*Harvey Yates*, Judge;

*Wright, Lindsey & Jennings LLP*, by: *Gordon S. Rather, Jr., Michael D. Barnes*, and *Jane M. Faulkner*, for appellants BPS, Inc.

*Friday, Eldredge & Clark*, by: *Frederick S. Ursery* and *Kevin A. Crass*, for appellant Micro Flo Company.

*Don Trimble* and *Wilson & Valley*, by: *E. Dion Wilson*, for appellee.

RAY THORNTON, Justice. This case presents the question whether a trial court is required to conduct an analysis of the factors required for certification of a class action under the provisions of Arkansas Rules of Civil Procedure Rule 23 and to enter written findings of fact and conclusions of law when requested by a party to the litigation as provided by Arkansas Rules of Civil Procedure Rule 52. Because we conclude that the answer to this question is affirmative, and because the trial court did not enter specific findings of fact and conclusions of law reflecting an analysis required for certification of a class action, we reverse and

remand to the trial court for further proceedings consistent with this opinion.

On May 8, 1997, an explosion and fire occurred at appellant BPS's agricultural chemical packaging plant in West Helena. The fire continued to burn for several days, and three firemen lost their lives during their efforts to control the fire. One of the chemicals involved in the incident was azinphos methyl, which was supplied to BPS by appellant Micro Flo Company.

On May 9, 1997, Vickie Sheppard and Sylvester King, employees of BPS, who were performing their duties at the time of the explosion, were joined by Clarence Richardson in filing this action. They asserted that they represented "those classes of persons who have been, continue to be, and may in the future be adversely affected by the actions and omissions which are subject of this complaint."

On February 6, 1998, the three named plaintiffs were joined by Palestine Fitzgerald and five other individuals as plaintiffs seeking certification as representatives of a class including "those persons who suffered or will suffer symptoms of exposure to toxins and/or toxic chemicals." In addition to seeking compensatory and punitive damages for medical expenses, lost wages, and pain and suffering, the plaintiffs sought recovery for mental and emotional distress and anguish, as well as for spousal loss of consortium, lifelong medical monitoring, a pre-paid medical insurance policy for all those who may incur medical expenses in the future, and other damages to both symptomatic and asymptomatic members of the proposed class. It was estimated that there were one hundred class members in the proposed class.

On April 15, 1998, BPS filed a third-party complaint against Micro Flo Company seeking contribution and/or indemnity if BPS is found to be liable for the explosion. On January 21, 1999, a third amended complaint was filed. This complaint named Micro Flo, as well as BPS, as a defendant. The complaint alleged that the plaintiffs represented "those classes of persons who have been, continue to be, and may in the future be adversely affected by the toxic chemicals released into the air on May 8, 1997." The class also included "persons who suffered or will suffer symptoms of exposure to toxins and/or toxic chemicals emitted into the air as a result of

the explosion at BPS, Inc" and "class members' spouses who suffered loss of consortium." The plaintiffs alleged that the class had 16,000 to 20,000 members. The complaint outlined the following damages: "(a) past and future medical and incidental expenses; (b) past and future pain, suffering and mental anguish; (c) past and future lost earnings and working time; (d) permanent disfigurement; (e) loss of value of all earnings and working time lost in the past and reasonably certain to be lost in the future; (f) the loss of future ability to earn and past and future home caretaking expenses; (g) loss of consortium and permanent bodily injury; (h) any other documented losses as a direct result of the explosion and release of toxic chemicals on May 8, 1997."

On January 21, 1999, BPS filed a motion pursuant to Rule 52 of the Arkansas Rules of Civil Procedure requesting specific findings of fact and conclusions of law thereon with respect to plaintiffs' request for class certification. On January 28, 1999, a hearing was held on plaintiffs' request for class-action certification of their suit. At the hearing, appellees explained to the trial court that they wished to drop five of the named plaintiffs and proceed with only Richardson, King, Sheppard, and Fitzgerald as class representatives. Fitzgerald and Sheppard testified at the hearing and the deposition testimony of Richardson and King was filed for record. Dr. Phillip Goad also testified at the hearing.

On February 11, 1999, the appellants presented to the trial court their proposed findings of fact and conclusions of law. In a letter opinion dated April 14, 1999, and a subsequent order entered May 5, 1999, the trial court granted appellees' request for class certification. It is from this order that appellants appeal, raising five points of alleged error. We reverse and remand this case to the trial court for an analysis of the factors required for certification of a class action pursuant to Rule 23 of the Arkansas Rules of Civil Procedure and for the entry of specific findings of fact and conclusions of law pursuant to Rule 52 of the Arkansas Rules of Civil Procedure.

■ In our review of a trial court's decision to grant class certification, we have said that trial courts are given broad discretion in matters of class certification, and we will reverse the trial court's ruling only when the appellant can demonstrate an abuse of that discretion. *Baker v. Wyeth-Ayerst Laboratories Division,* 338 Ark. 242, 992 S.W.2d 797 (1999); *SEECO, Inc. v. Hales,* 330 Ark. 402, 954

S.W.2d 234 (1997); *Mega Life & Health Ins. v. Jacola*, 330 Ark. 261, 954 S.W.2d 898 (1997).

██ ██ Rule 23 of the Arkansas Rules of Civil Procedure details the requirements for a class-action suit. It states:

> (a) One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

> (b) An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this section may be conditional and it may be altered or amended before the decision on the merits.

*Id.* We have reviewed the provisions of Rule 23 on numerous occasions and have held that in order for a class-action suit to be certified six factors must be met. Specifically, the party seeking certification must establish: (1) numerosity; (2) commonality; (3) predominance (4) typicality; (5) superiority; and (6) adequacy. *See Mega Life, supra.* When we review a class-action certification, we will review the trial court's analysis of the factors upon which certification must be based. Specifically, we have held that:

> [W]hether to certify a class "is not 'whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 . . . are met.' " As we observed, "it is totally immaterial whether the petition will succeed on the merits or even if it states a cause of action. . . ." *Id.* "[A]n order denying or granting class certification is separate from the merits of the case."

Direct Gen. Ins. Co. *v. Lane*, 328 Ark. 476, 944 S.W.2d 528 (1997) (*citing Farm Bureau* Mutual *Ins. Co. v. Farm Bureau Policy Holders*, 323 Ark. 706, 918 S.W.2d 129 (1996)).

■ Although we do not delve into the merits of the underlying claims in a potential class-action case, we will review the trial court's order to determine whether the requirement of Rule 23 are satisfied. The first requirement of class certification is "that the class is so numerous that joinder of all members is impractical." Ark. R. Civ. P. 23(a)(1). In *Cheqnet Systems, Inc. v. Montgomery*, 322 Ark. 742, 911 S.W.2d 956 (1995), we held that the exact size of the proposed class and the identity of the class members need not be established for the court to certify a class, and the numerosity requirement may be supported by common sense. We have not adopted a bright-line rule to determine how many class members are required to satisfy the numerosity requirement. *Mega Life, supra* (*citing Summons v. Missouri Pac. R.R.*, 306 Ark. 116, 813 S.W.2d 240 (1991)(approving a class of several thousand claimants)); *International Union of Elec., Radio, & Mach. Workers v. Hudson*, 295 Ark. 107, 747 S.W.2d 81 (1988)(declaring that "at least several hundred" class members were sufficient); *Cooper Communities, Inc. v. Sarver*, 288 Ark. 6, 701 S.W.2d 364 (1986)(holding that 184 potential class members were enough); *City of North Little Rock v. Vogelgesang*, 273 Ark. 390, 619 S.W.2d 652 (1981) (rejecting a class of only seventeen potential plaintiffs)).

We note that in the present case appellants do not challenge the number of potential class members, but they do argue that the number of class members cannot be determined because the class definition is too vague.

■ Rule 23(a)(2) of the Arkansas Rules of Civil Procedure requires a determination by the trial court that "there are questions of law or fact common to the class." *See also, Mega Life, supra*. A review of our case law reveals that this requirement is case-specific. Professor Newberg's treatise on class actions explains that:

> [T]he common question prerequisite is interdependent with the notion of joinder impracticability under Rule 23(a)(1). Consideration of the common question issue requires an answer to the question: Common to whom?
>
> * * *
>
> Rule 23(a)(2) does not require that all questions of law or fact raised in the litigation be common. The test or standard for meeting the rule 23(a)(2) prerequisite is ... that is there need be

only a single issue common to all members of the class.... When the party opposing the class has engaged in some course of conduct that affects a group of persons and gives rise to a cause of action, one or more of the elements of that cause of action will be common to all of the persons affected.

Herbert B. Newberg, *Newberg on Class Actions*, § 3.10 (3d ed. 1993). The trial court must determine what elements in a cause of action are common questions for the purpose of certifying a class.

■ Arkansas Civil Procedure Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." *Id*. This requirement was discussed in detail in *Direct General Insurance, supra*. We stated that:

[A] representative's claim is typical of the class members' claims under Rule 23(a)(3) if the representative's claim arises from the same wrong allegedly committed against the class. Quoting a passage from Professor Newberg's treatise on class actions, we said:

Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct. In other words, when such a relationship is shown, a plaintiff's injury arises from or is directly related to a wrong to a class, and that wrong includes the wrong to the plaintiff. Thus, a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and as if his or her claims are based on the same legal theory. When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of varying fact patterns which underlie individual claims.

*Summons v. Missouri Pac. R.R.*, 306 Ark. at 121, 813 S.W.2d at 243 (quoting Herbert B. Newberg, *Newberg on Class Actions*, § 3.13, at pp. 166-67 (2d ed. 1985)).

*Direct General, supra*. We have also held that a class certification is not appropriate when a putative class representative is subject to unique defenses that threaten to become the focus of the litigation. *See BNL Equity Corp. v. Pearson*, 340 Ark. 351, 10 S.W.3d 838 (2000).

We note that in this case the named representatives do not claim to represent the firemen who lost their lives. It is unclear whether the two proposed class representatives who were BPS employees at the time of the accident, and who may be entitled to workers' compensation benefits, may be subject to certain defenses that would impair them from acting as class representatives. We further note that the trial court may need to address whether any of the other named class representatives are subject to unique defenses which could become the focus of the litigation when it is evaluating whether the proposed class satisfied the Rule 23 requirement for typicality. An analysis of this factor is essential.

Arkansas Civil Procedure Rule 23(a)(4) states that a trial court must determine whether the class representatives "will fairly and adequately protect the interests of the class." *Id.* We have previously explained that the three elements of this requirement are that: (1) the representative counsel must be qualified, experienced and generally able to conduct the litigation; (2) there be no evidence of collusion or conflicting interest between the representative and the class; and (3) the representative must display some minimal level of interest in the action, familiarity with the practices challenged, and ability to assist in decision making as to the conduct of the litigation. *Mega Life, supra.* We have noted that the "adequacy of representation" element is satisfied if the representatives display a minimal level of interest in the action, familiarity with the challenged practices, and ability to assist in litigation decisions. *See Chequet, supra.* We have also held that absent a showing to the contrary, we will presume that the representative's attorney will vigorously and competently pursue the litigation. *Mega Life, supra.* Finally, a trial court may also consider it necessary, in its analysis of this requirement for class certification, to resolve any questions of reluctancy on the part of named class representatives to comply with requirements of disclosure or participation in discovery requests during the pendency of the litigation.

In the present case, we note that in its order the trial court stated, "the representative parties with the possible exception of Ms. Sheppard would appear to be able to fairly and adequately protect the interests of the class." An analysis of this case should articulate the reasons upon which the trial court determined that the representative parties meet the requirements of Rule 23(a)(4).

■■ Arkansas Civil Procedure Rule 23(b) requires that "the questions of law or fact common to the members of the class predominate over any question affecting only individual members." *Id.* We have held that the starting point for our examination of the predominance issue is whether a common question of law or fact exists in the case for all class members. *BNL, supra.* The next issue is whether this question predominates over individual questions. *Id.* We have also noted that when deciding whether the common questions of law or fact predominate over other questions affecting only individual members, we do not merely compare the number of individual versus common claims. *Baker, supra.* Instead, we must decide if the issues common to all plaintiffs "predominate over" the individual issues, which can be resolved during the decertified stage of a bifurcated proceeding. *See Seeco, supra; Mega Life, supra.* In *Baker,* a class-action case involving diet drugs which caused injuries to the patients taking the drugs, we reviewed the predominance requirement in the context of a mass tort action. We held that:

> [M]ass-tort actions, however, present unique certification problems because they generally involve numerous individual issues as to the defendant's conduct, causation, and damages. Courts, however, have recently distinguished between two different types of mass-tort actions: 1) mass-accident cases where injuries are caused by a single catastrophic event occurring at one time and place; and 2) toxic-tort or products-liability cases where the injuries are a result of a series of events occurring over a considerable length of time and under different circumstances. *See* JAMES W. MOORE, MOORE'S FEDERAL PRACTICE § 23.47[4] (3d. ed. 1999); HERBERT B. NEWBERG & ALBA CONTE, NEWBERG ON CLASS ACTIONS§§ 17.01 to 17.06 (3d ed. 1992); CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1783 (2d ed. 1986). Due to the enormity and complexity of the individual issues presented by toxic-tort and products-liability cases, class certification is more common in mass-accident cases than in toxic-tort or products-liability case. *See* JAMES W. MOORE, *supra* § 23.47[4] (citing numerous products-liability and toxic-tort cases where class certification was denied); HERBERT B. NEWBERG & ALBA CONTE, supra § 17.22 (citing several products-liability cases involving tetracycline, bendectin, and DES where class certification was denied). In this regard, the Sixth Circuit has admonished that a court should "question the appropriateness of a class action" where "no one set of operative facts establishes liability, no single proximate cause equally applies to each potential class member and each defendant,

and the individual issues outnumber common issues." *Sterling v. Velsicol Chemical Corp.*, 855 F.2d 1188 (6th Cir. 1988).

Likewise, we have been more inclined to approve class certification in mass-accident cases than in products-liability or toxic-tort cases. For example, we allowed class certification in the mass-accident case of *Summons v. Missouri Pac. R.R.*, 306 Ark. 116, 813 S.W.2d 240 (1991). In *Summons*, several thousand people were evacuated from their homes when a train owned by Missouri Pacific overturned and released chemicals into the area. *Id.* The plaintiffs alleged that Missouri Pacific was willfully and wantonly negligent and strictly liable for shipping ultra hazardous products. *Id.* We held that class certification was proper because the common issues of the defendant's conduct, whether the chemicals were ultra hazardous, and causation predominated over and could be resolved prior to addressing the individual and less difficult issues of damages and injuries. *Id.*

*Baker, supra.*

■ In *Baker*, we also cited with favor the United States Supreme Court's language from *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 117 S. Ct. 2231 (1997) regarding the predominance requirement of Rule 23(b). We noted:

> In *Amchem*, the plaintiffs filed a class action on behalf of possibly millions of people who were exposed to asbestos. *Id.* The plaintiffs argued that class certification was proper because all members of the class had been exposed to asbestos products supplied by the defendants. *Id.* The Court responded as follows:
>
>> Even if Rule 23(a)'s commonality requirement may be satisfied by that shared experience, the predominance criterion is far more demanding. Given the greater number of questions peculiar to the several categories of class members, and to individuals within each category, and the significance of those uncommon questions, any overarching dispute about the health consequences of asbestos exposure cannot satisfy the Rule 23(b)(3) predominance standard.
>
> *Id.* (emphasis added).
>
> The Court further opined that class certification was improper because the class members:
>
>> were exposed to different asbestos-containing products, for different amounts of time, in different ways, and over

different periods. Some class members suffer no physical injury or have only asymptomatic pleural changes, while others suffer from lung cancer, disabling asbestosis, or from mesothelioma.... Each has a different history of cigarette smoking, a factor that complicates the causation inquiry.

*Id.* (quoting the Third Circuit's earlier decision in this same case, *Georgine v. Amchem Products, Inc.*, 83 F.3d 610 (3rd Cir. 1996) (emphasis added)). Finally, the Court called for caution in the certification of mass-tort cases when "individual stakes are high and disparities among class members great." *Id.*

*Baker, supra.*

█ Finally, Rule 23(b) of the Arkansas Rules of Civil Procedure also requires that a class action be superior to other available methods for the fair and efficient adjudication of the controversy. *See, Seeco, supra.* We have held that the superiority requirement is satisfied if class certification is the more "efficient" way of handling the case, and it is fair to both sides. *Baker, supra.* Where a cohesive and manageable class exists, we have held that real efficiency can be had if common, predominating questions of law or fact are first decided, with cases then splintering for the trial of individual issues, if necessary. *Seeco, supra; See also Summons, supra.* We further note that when a trial court is determining whether class-action status is the superior method for adjudication of a matter it may be necessary for the trial court to evaluate the manageability of the class. *See BNL, supra.* (holding after a review of the trial court's well-reasoned twenty-four-page order that a class action was properly certified). *See also The Commonwealth of Puerto Rico v. Emily*, 158 F.R.D. 9 (P.R. 1994) (holding that a proposed class was unmanageably broad).

Remaining mindful of our well-established rules surrounding class-action certification, we turn to appellants' arguments on appeal. Appellants contend that the trial court abused its discretion when it certified this case as a class action. Specifically, appellants argued that the proposed class: failed to meet the typicality requirement of Rule 23(a)(3); failed to establish that the representative parties would fairly and adequately represent the interest of the class pursuant to Rule 23(a)(4); failed to meet the predominance requirement of Rule 23(b); and failed to establish that a class action was the superior method for adjudication of this case.

Appellants also alleged that this case should be reversed and remanded because the trial court failed to make specific findings of fact and conclusions of law pursuant to Rule 52 of the Arkansas Rules of Civil Procedure. Appellees responded to this argument by contending that a motion for class certification is merely a motion and as such is not subject to Rule 52. However, appellees contention is misplaced. In *Mega Life Health Ins. Co. v. Jacola*, 330 Ark. 261, 954 S.W.2d 898 (1997), we addressed an argument identical to the one now being raised by appellants. Specifically, we held:

> First, Mega asserts that we must reverse the certification order because the trial court failed to make specific findings regarding the existence of the Rule 23(b) requirements of predominance and superiority. This issue is governed by Ark. R. Civ. P. 52(a) which states that "findings of fact and conclusions of law are unnecessary on decisions of motions under these Rules," but that the court shall enter such specific findings and conclusions upon the request of a party. It does not appear from the abstract that Mega ever requested that the court make such specific findings in regard to the predominance and superiority requirements of Rule 23(b).
>
> Moreover, Rule 52(b) states that upon a motion of a party made no later than ten days after the entry of judgment, the court may amend its findings of fact or make additional findings. Thus, Mega had ten days after the order of certification was entered to ask the trial court to make additional findings regarding the Rule 23(b) elements. Mega, however, failed to make such a request. Because Mega failed to request specific findings in regard to the Rule 23(b) elements either prior to or after the entry of the order of certification, we hold that it has waived this issue on appeal.
>
> *Id.* (internal citations omitted).

In this case, a request for specific findings was made pursuant to Arkansas Rule of Civil Procedure 52, which states in relevant part:

> [I]f requested by a party, in all contested actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon....

*Id.* This rule has been interpreted to mean that "if findings under Rule 52(a) are timely requested, the trial court is required to make specific findings of fact and conclusions of law and to file the same with the clerk of the trial court so that such findings may be made

part of the record." *McWhorter v. McWhorter*, 70 Ark. App. 41, 14 S.W.3d 528 (2000). Our court of appeals has held that this "rule does not place a severe burden upon the trial judge, for he needs only to make brief, *definite, pertinent findings and conclusions* upon the contested matters." *McClain v. Giles*, 271 Ark. 176, 607 S.W.2d 416 (1980)(emphasis added)(a case that was reversed and remanded because the appellant requested Rule 52 findings and the trial court failed to set forth findings of fact, which it relied on for calculation of appellant's child-support obligation).

▮ We note that on January 21, 1999, four months before the trial court's May 5th order, appellants filed a motion requesting specific findings and conclusions. The motion stated:

> Pursuant to Rule 23 and Rule 52 of the Arkansas Rules of Civil Procedure, defendant BPS, Inc. requests specific findings of fact and conclusions of law thereon with respect to plaintiffs' request for class certification, the requirements for class certification in Rule 23(a)and (b), and any order entered by the Court granting or denying class certification.

Additionally, on February 11, 1999, appellants BPS and Micro Flo submitted to the trial court fourteen pages of proposed findings of fact and conclusions of law. In response to appellants' motions, the trial court filed the following letter opinion:

> The trial court finds that plaintiffs have shown that the proposed class of plaintiffs is so numerous that joinder of all members is impracticable.
>
> The plaintiffs and the proposed class of plaintiffs will be seeking damages from defendants because of the fire and explosion at the BPS plant on or about May 8, 1997, and the alleged release of chemicals into the air. Almost all of the class will be seeking damages as a result of an alleged exposure to chemicals released from the plant as a result of the explosion. The court recognizes that the damage claims of the individuals of the class will differ. The Court is of the opinion that there are questions of law or fact common to the class.
>
> The claims of the representative parties appear to be typical of the claims of the class in that they all would appear to be claiming damages as a result of the fire and explosion and release of chemicals into the air. It may be that some will not be able to participate in the class or be a representative of the class if it is determined that

their alleged injury arose out of and in the course of their employment and is covered by Workers Comp. However, this should not prevent there being questions of law and fact common to those not employed by defendants or not claiming damages as a result of said employment.

The representative parties with the possible exception of Ms. Sheppard would appear to be able to fairly and adequately protect the interest of the class.

The court finds that the prerequisites of Rule 23(a) have been met.

The court finds that in accordance with Rule 23(b) that the questions of law or fact common to the members of the class predominate over those questions affecting only individual members. The court finds that a class action is superior to other available methods for a fair and efficient adjudication of all the actual and potential claims resulting from the occurrence.

We conclude that this order does not meet the mandatory requirements of Rule 23. Specifically, evaluating the trial court's order we cannot be certain of: (1) the number of members in the class which the trial court used to determine whether the numerosity requirement was met (estimated size of the class ranged from 100 members to 20,000 members); (2) what the trial court found to be the "common questions of law or fact"; (3) what claims the trial court found to be held by the representative parties which would be "typical" of the claims of the proposed class and whether such claims would be subject to defenses not applicable to all members of the class; (4) why the named plaintiffs' claims predominate over claims held by individual class members; (5) why the trial court found that the representative parties would fairly and adequately represent the class; or (6) why the trial court found that a class action is "superior to other available methods for a fair and efficient adjudication of all the actual and potential claims."

Here, the trial court's order does not provide the parties or this court with an analysis of the requirements of Rule 23 or specific factual findings of fact or conclusions of law pursuant to Rule 52. Because it failed to comply with these requirements we conclude that the trial court has abused its discretion in certifying this case for class-action status. For a class action to serve the purpose of an efficient and fair means of resolving claims arising out

of the same circumstances, these issues must be analyzed Accordingly, we reverse and remand this case to the trial court for analysis and findings as required by Rule 23 and Rule 52 of the Arkansas Rules of Civil Procedure.

Reversed and remanded.

GLAZE, J., concurs.