Katrina VALLEY Individually and as Parent and Next Friend of
Christian Anderson, Keishon Anderson, Kyrin Anderson and
Justin Anderson; and Meranda F. Fonzye Valley, Individually
and as Parent and Next Friend of Brittany L. Valley,
Kimberla A. Valley and Omarrian R. Wilson *v.*
NATIONAL ZINC PROCESSORS, INC.;
Stoller Enterprises, Inc.; Global Materials Services, LLC;
Nationwide Express, Inc.; Rickey Snowden;
Harold Smith; and John Doe 3

05-268                                          217 S.W.3d 832

Supreme Court of Arkansas
Opinion delivered November 17, 2005

Don R. Etherly and J.F. Valley, P.A., by: J.F. Valley, for appellants.

Rieves, Rubens & Mayton, by: Elton A. Rieves IV, for appellee National Zinc Processors, Inc.

Raff & Galloway, by: Ray Galloway, and Preston & Cowan, L.L.P., by: Michele Quattlebaum, for appellee Stoller Enterprises, Inc.

Huckabay, Munson, Rowlett & Moore, P.A., by: Bruce Munson, for appellee Nationwide Express, Inc.

Murray Law Firm, by: Todd Murray, and Henderson, Dantone, PA, by: Frank J. Dantone, Jr., for appellees Global Materials Services, LLC, Rickey Snowden, and Harold Smith.

TOM GLAZE, Justice. Appellants Katrina Valley and Meranda Valley appeal a ruling of the Phillips County Circuit Court denying their motion for class certification. The facts giving rise to this case involve a fire that began around 6:30 in the morning on November 3, 2000, at the Global Materials chemical warehouse in Helena. At approximately 12:30 that afternoon, a truck carrying a load of zinc oxide to the terminal also caught on fire and exploded. In response, Chief Reginald Wilson of the Helena Fire Department ordered an evacuation that covered a 1.5 mile radius from the chemical plant, which included most of Helena and the Isle of Capri Casino in Mississippi.

In August of 2001, a class-action lawsuit was filed in the name of Katrina Valley, individually and as parent and next friend of her children, Christian Anderson, Keishon Anderson, Kyrin Anderson, and Justin Anderson; and Meranda Fonzye Valley, individually and as parent and next friend of Brittany L. Valley,

Kimberla A. Valley, and Omarrian Wilson.[1] The complaint alleged that the plaintiffs brought the suit on behalf of themselves and all other persons similarly situated, with the potential class described as "all persons who resided or were present in the residential areas of Helena, Arkansas, [who] were evacuated on or about November 3, 2000, as a result of acts of the defendants. It is believed that the class consists of approximately 6000 persons." The named defendants were National Zinc Processors, Inc.; Stoller Enterprises, Inc.; Global Material Services, LLC; Nationwide Express, Inc." and John Does 1, 2, and 3.[2]

The plaintiffs filed a motion for certification as a class action on January 30, 2003. The trial court held a hearing on the motion on February 23, 2004, to consider the issue of certification. After that hearing, the trial court issued a letter opinion on May 10, 2004, in which the court initially agreed that class certification was appropriate. However, the letter opinion made no mention of the requirements of Ark. R. Civ. P. 23(b), nor did it address the various defenses raised or specifically define the class. On May 18, 2004, National Zinc Processors filed a motion requesting findings of fact and conclusions of law. Defendants Stoller Enterprises filed a similar motion on May 24, 2004.

After a second hearing on August 14, 2004, the trial court entered an order on November 18, 2004, setting out its findings of fact and conclusions of law, and denying the plaintiffs' motion for class certification. The plaintiffs filed a timely notice of appeal on December 17, 2004, and now raise two arguments for reversal: 1) the trial court did not have jurisdiction to enter its order denying class certification; and 2) the court erred in denying the motion to certify the class.

---

[1] Brittany Valley, Kimberla Valley, Omarrian Wilson, and Katrina Valley are Meranda's children; Christian, Keishon, Kyrin, and Justin Anderson are Katrina Valley's children.

[2] Nationwide Express moved to dismiss the August 2001 complaint against it for failure of service; that motion was granted. In 2002, the same plaintiffs filed an identical complaint against the same defendants; this time, only Nationwide Express was served with process. The 2001 and 2002 complaints were eventually consolidated.

In November of 2003, just before the three-year statute of limitations expired, over 6000 people filed a complaint against the same defendants, again raising the same allegations. At the class-certification hearing in the instant case, counsel for the plaintiffs alleged that the suit had been filed "in part because class certification status had not been achieved in the [Katrina] Valley case."

In her first argument on appeal, plaintiff, and now appellant, Katrina Valley, claims that the trial court erroneously treated the defendants'/appellees' motions for findings of fact and conclusions of law as motions for reconsideration, and that the court lost jurisdiction to reconsider its May 11, 2004 decision when more than thirty days elapsed after the defendants filed their motions. Valley relies on Rules 52, 58, and 59 of the Arkansas Rules of Civil Procedure, arguing that the court's November 18, 2004, order was not consistent with its "letter order" of May 10, 2004, nor did the court's ruling come within thirty days of the defendants' motions, as required by Rule 59.

Rule 59 has no application in this instance. That rule permits a party to move for a *new trial* on various grounds within ten days of the *entry of a judgment*. Ark. R. Civ. P. 29(b) (2005). Here, no trial has been had and no judgment has been entered in the case; rather, the only order entered has been the trial court's order denying the plaintiffs' motion for class certification, which was entered on November 18, 2004.

In addition, Valley ignores the plain language of Ark. R. Civ. P. 23(b), which provides in relevant part as follows:

> As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. *An order under this section may be conditional and it may be altered or amended before the decision on the merits.*

(Emphasis added.) *See also Lenders Title Company v. Chandler*, 353 Ark. 339, 107 S.W.3d 157 (2003) (under Rule 23(b), a class–certification order is not a final order); *Fraley v. Williams Ford Tractor & Equip. Co.*, 339 Ark. 322, 5 S.W.3d 423 (1999) ("[a]lthough the court's initial decision under Rule 23(c)(1) that an action is maintainable on a class basis in fact may be the final resolution of the question, it is not irreversible and may be altered or amended at a later date").

■ On the issue of subsequent class determinations upon reconsideration, Professor Newberg's treatise on class actions offers the following:

> Because class rulings may be altered or amended at any time before a decision on the merits, class rulings are often reconsidered, and subsequently affirmed, altered, modified, or withdrawn. Apart from instances where the initial ruling is affirmed, classes have been

upheld on reconsideration after being denied originally, and have been denied on reconsideration after being upheld originally. ... Such a reconsideration may be raised either by the plaintiff's or by the defendant's motion, or automatically by a schedule previously set by the court. Finally, a court may, on its own motion, reconsider its earlier ruling.

3 A. Conte and H. Newberg, *Newberg on Class Actions* § 7.47, 154-57 (4th ed. 2002). In sum, we find no merit to Valley's contention that the trial court "lost jurisdiction" to reconsider its earlier decision regarding the certification of a class action.

We now turn to the merits of Valley's argument wherein she contends that the trial court erred in denying class certification. The certification of a lawsuit as a class action is governed by Ark. R. Civ. P. 23. The determination that the class-certification criteria have been satisfied is a matter within the broad discretion of the trial court, and this court will not reverse the trial court's decision absent an abuse of that discretion. *Lenders Title Company v. Chandler*, 358 Ark. 66, 186 S.W.3d 695 (2004); *Arkansas Blue Cross & Blue Shield v. Hicks*, 349 Ark. 269, 78 S.W.3d 58 (2002). In reviewing a class-certification order, this court focuses on the evidence in the record to determine whether it supports the trial court's conclusion regarding certification. *USA Check Cashers of Little Rock, Inc. v. Island*, 349 Ark. 71, 76 S.W.3d 243 (2002). However, the determination is purely a procedural question. *BNL Equity Corp. v. Pearson*, 340 Ark. 351, 10 S.W.3d 838 (2000). This court will not delve into the merits of the underlying claims when deciding whether the Rule 23 requirements have been met. *State Farm Fire & Casualty Co. v. Ledbetter*, 355 Ark. 28, 129 S.W.3d 832 (2003).

Rule 23 provides in relevant part as follows:

(a) Prerequisites to Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and

> the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

In short, this court has held that, in order for a class-action suit to be certified the party seeking certification must establish each of the following six factors: (1) numerosity; (2) commonality; (3) predominance (4) typicality; (5) superiority; and (6) adequacy. *BPS Inc. v. Richardson*, 341 Ark. 834, 20 S.W.3d 403 (2000). When a party cannot demonstrate that he or she has satisfied all six factors, class certification is inappropriate. *See Ferguson v. The Kroger Co.*, 343 Ark. 627, 37 S.W.3d 590 (2001) (where plaintiffs failed to satisfy the numerosity requirement, this court affirmed the trial court's denial of class certification without addressing the other five factors); *Mega Life & Health Ins. Co. v. Jacola*, 330 Ark. 261, 954 S.W.2d 898 (1997) (there must be evidence in the record to support a conclusion that all six elements of class certification have been satisfied).

We affirm the trial court's denial of class certification in this case because the named plaintiffs have failed to demonstrate that they satisfy the adequacy requirement of Rule 23. Rule 23(a)(4) specifically requires that the representative parties must be able to fairly and adequately protect the interests of the class. This court has previously interpreted Rule 23(a)(4) to require three elements: 1) the representative counsel must be qualified, experienced and generally able to conduct the litigation; (2) that there be no evidence of collusion or conflicting interest between the representative and the class; and (3) the representative must display some minimal level of interest in the action, familiarity with the practices challenged, and ability to assist in decision making as to the conduct of the litigation. *See, e.g., Mega Life & Health Ins. Co. v. Jacola, supra; Direct Gen. Ins. Co. v. Lane*, 328 Ark. 476, 944 S.W.2d 528 (1997).

In the present case, there has been no contention that counsel for the class is in any way unqualified or inexperienced. Nonetheless, that is not the only factor we must consider. Here, the only named plaintiff to testify at the class-certification hearing was Meranda Valley, the former sister-in-law of counsel for the plaintiff class. Meranda did not testify that she had read the complaint or understood her duties as class representative, nor did she offer any testimony about her ability to assist in decision-

making as to the conduct of the litigation. Further, Meranda testified that she was not even in the evacuation zone at the time of the fire, had no exposure to any of the chemicals that were allegedly released into the air, and did not personally have to evacuate; for this reason, the trial court found that it was inappropriate for Meranda to serve as a class representative. In addition, the trial court noted that two of the children whom Meranda purported to represent had reached the age of majority, and as such, it would be improper for her to represent the interests of those children.

Counsel for the plaintiffs also presented the deposition testimony of Katrina Valley at the certification hearing. Katrina testified that she did not know how many people might have been physically injured as a result of the fire; she did not know how many purported class members were forced to evacuate or how long they were out of their homes; and she did not know what kinds of damages other individuals might be seeking. Additionally, as with Meranda, Katrina offered no evidence or testimony that she understood what her duties and responsibilities as the named representative would be.

■ ■ As noted above, in *Direct General Insurance Co. v. Lane, supra,* this court held that the "adequacy of representation" element is satisfied if the representative displays a minimal level of interest in the action, familiarity with the challenged practices, and ability to assist in litigation decisions. *See also Cheqnet Systems, Inc. v. Montgomery,* 322 Ark. 742, 911 S.W.2d 956 (1995); *Union National Bank v. Barnhart,* 308 Ark. 190, 198, 823 S.W.2d 878, 882 (1992). The *Lane* court held that where the named plaintiff testified that she understood the responsibility she was undertaking by agreeing to become the class representative, had visited with the attorney several times about the case and had reviewed the relevant documents, and had otherwise demonstrated her commitment to pursing the case against the defendant, she had proven that she would be an adequate class representative. In the present case, by way of contrast, the trial court was presented with absolutely no evidence that would have shown that either Katrina or Meranda Valley possessed such characteristics and would be an adequate representative. Therefore, the court did not abuse its discretion in finding that the adequacy requirement had not been satisfied. Because the plaintiffs failed to satisfy all six of Rule 23's require-

ments, the trial court likewise did not abuse its discretion in denying the motion for class certification.

BROWN and IMBER, JJ., dissent.

ROBERT L. BROWN, Justice, dissenting. I dissent because I am convinced there is adequate class representation in this case. Our rules provide, as a prerequisite to a class action, that "(4) the representative parties will fairly and adequately protect the interests of the class." Ark. R. Civ. P. 23(a)(4) (2005). Our case law has defined what this adequacy requirement means:

> The elements of the requirement are: (1) the representative counsel must be qualified, experienced and generally able to conduct the litigation; (2) that there be no evidence of collusion or conflicting interest between the representative and the class; and (3) the representative must display some minimal level of interest in the action, familiarity with the practices challenged, and ability to assist in decision making as to the conduct of the litigation.

*Direct General Ins. Co. v. Lane*, 328 Ark. 476, 485, 944 S.W.2d 528, 531 (1997).

In *Ballard v. Martin*, 349 Ark. 564, 79 S.W.3d 838 (2002), this court applied these requirements when it examined a challenge to Ms. Martin's adequacy as a representative in a check-cashing class action. In finding that she was an adequate representative, we observed that Ms. Martin:

> testified at the fairness hearing that she was pleased with the legal representation provided to her and that her attorneys had kept her informed of what was going on in the case. She also stated that her goal in suing the defendants was to put an end to the check-cashing practices of the Westark appellees. She testified that she talks to her attorneys regularly and is kept abreast of the proceedings. Based on this testimony, we fail to discern any abuse of discretion in the trial court's finding that Martin is an adequate class representative.

349 Ark. at 584, 79 S.W.3d at 850.

The same can be said for Katrina Valley and Meranda Valley in the instant case. Katrina Valley testified in her deposition:

- She filed the lawsuit for herself and other people because of "the feeling of being evacuated, the fear, the known and unknown things."

- She is representing other people in trying to get money for them from the defendants.

- The class is made up of those who had to evacuate and she knows about twenty people in the class personally.

- She had to check into a motel with her family because of the evacuation.

The second class representative, Meranda Valley, testified:

- She is making claims for her children.

- They had to evacuate and stay in a motel.

There is no question but that these two class representatives had experienced and qualified attorneys representing them. There is no question but that they experienced the evacuation and incurred expense either for themselves, their children, or both. There is no question but that their claims are typical of the class. Though two of Meranda's children had reached their majority, the third, Omarrian, had not. This renders Meranda the natural guardian to prosecute this action on Omarrian's behalf.[1] Katrina testified to her goal in the litigation and her familiarity with the basis of the class's claims. Meranda also testified to her experiences and those of her children which serve as the basis for her claims and the similar claims of the class.

In addition, the two Valleys are related to class counsel, who again are qualified and experienced. Due to their familial relationship, it seems they will most certainly be kept apprised of the litigation. I see no viable reason why the representatives do not meet the requirement of having a "minimal" interest in the litigation. Indeed, the leading treatise on class actions is in agreement when it states that class representatives must be "capable of understanding their obligations, the nature of the suit, and be free of such physical or mental disabilities which would render them incapable of carrying out their responsibilities." 5 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 17:12 (4th ed. 2005).

---

[1] The trial court appeared to overlook the fact that Meranda Valley did have a son who was still a minor. Counsel for the appellees acknowledged this oversight at oral argument.

Moreover, the majority does not cite a case where this court has denied class status for this reason. Certainly we did not do so in *Summons* where the facts closely approximate the facts of this case and the class representatives were making similar claims. *See Summons v. Missouri Pac. R.R.*, 306 Ark. 116, 813 S.W.2d 240 (1991). Our decision today breaks new ground, all to the disadvantage of this class.

I respectfully dissent.

IMBER, J., joins this dissent.