F&G FINANCIAL SERVICES, INC.; Cash Advance Now;
Cash Advance of Jonesboro, LLC *v.* Dorothy BARNES and
Jimmie Sue Spencer

01–1376 82 S.W.3d 162

Supreme Court of Arkansas
Opinion delivered June 27, 2002

*Mixon Parker & Hurst, PLC,* by: *Donald L. Parker, II,* and *Harry S. Hurst, Jr.*; and *Wright, Lindsey & Jennings, LLP,* by: *Claire Shows Hancock,* for appellants.

*Orr, Scholtens, Willhite & Averitt, PLC,* by: *Chris A. Averitt, Jay Scholtens,* and *Kevin J. Orr;* and *Morgan & Turner,* by: *Todd Turner,* for appellees.

W. H. "DUB" ARNOLD, Chief Justice. This is an interlocutory appeal from a Craighead Circuit Court's order granting certification in a class action. The issue involved in this action is whether the trial court correctly granted appellees' motion of class certification. Appellees filed this action in February 2001 and alleged that the check cashing transactions in which they engaged with appellants were actually loans and that the fees charged by appellants in connection with these check cashing transactions were usurious interest, charged in violation of Article 19, Section 13, of the Arkansas Constitution. Appellees brought the action as representatives of a class of similarly situated individuals.

Appellees executed Arkansas Deferred Presentment Agreements with appellant which contained arbitration provisions. Appellants moved to the trial court to compel arbitration and to stay the trial court proceedings, but the trial court denied the motion. That denial is the subject of a separate appeal before this court.

Appellees filed a motion to certify the class, which was granted. The trial court certified a class consisting of "any and all persons who have engaged in deferred presentment transactions

with the defendant check casher(s) anywhere in the state of Arkansas." The trial court found that:

> (A) the class of persons appellees seek to represent is so numerous that joinder of all members is impracticable; (B) the claims of plaintiffs and asserted defenses are typical of the claims of the class; (C) questions of law or fact to the members of the class predominate over any questions effecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of this matter; (D) appellees are adequate persons to serve as class representatives and should be appointed as representatives of the class; and (E) appellees' counsel have demonstrated their competency to serve as class counsel and possess the resources and expertise necessary to adequately represent the class and should be approved as class counsel.

■■ Appellant argues that the trial court erred in granting appellees' motion for class certification. The question of whether the class-action elements in Ark. R. Civ. P. 23(a) and (b) have been satisfied is a matter within the broad discretion of the trial court, and we will not reverse the trial court's decision absent an abuse of that discretion. *Advance America v. Garrett,* 344 Ark. 75, 40 S.W.3d 239 (2001); *Mega Life & Health Ins. Co. v. Jacola,* 330 Ark. 261, 954 S.W.2d 898(1997); *Direct Gen. Ins. Co. v. Lane,* 328 Ark. 476, 944 S.W.2d 528 (1997); *Farm Bureau Mutual Ins. Co. v. Farm Bureau Policy Holders & Members,* 323 Ark. 706, 918 S.W.2d 129 (1996); *Cheqnet Sys., Inc. v. Montgomery,* 322 Ark. 742, 911 S.W.2d 956 (1995). However, the determination is purely a procedural question. *BNL Equity Corp. v. Pearson,* 340 Ark. 351, 10 S.W.3d 838 (2000). Although we do not delve into the merits of the underlying claims in a potential class-action case, we will review the trial court's order to determine whether the requirements of Rule 23 are satisfied.

Rule 23(a) and (b) of the Arkansas Rules of Civil Procedure state:

> (a) *Prerequisites to Class Action.* One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to

the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) *Class Actions Maintainable.* An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this section may be conditional and it may be altered or amended before the decision on the merits.

Ark. R. Civ. P. 23(a) and (b) (2001).

Here, appellant asserts that all of the requirements of Rule 23 were not met, and the class certification should have, therefore, been denied. We disagree, and affirm the trial court's order granting the class certification.

## I. *Rule 23*

Arkansas Rule of Civil Procedure 23(a) establishes four prerequisites to class certification. Under Rule 23(a), one or more members of a class may sue as representative parties on behalf of all the members of the class if the following prerequisites are satisfied: (1) the class is so numerous that joinder of all members is impracticable, (numerosity), (2) there are questions of law or fact common to the class, (commonality), (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, (typicality), and (4) the representative parties will fairly and adequately protect the interests of the class (adequate representation). Ark. R. Civ. P. 23(a) (2001).

In addition to satisfying each of the requirements of Rule 23(a), the party seeking class certification must also satisfy the requirements of Rule 23(b), which requires that questions of law of fact common to the members of the proposed class must predominate over questions affecting only individual members,

*and* that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Ark. R. Civ. P. Rule 23(b).

Appellant challenges on appeal the elements of typicality and adequacy of the class representative under Rule 23(a) and the elements of predominance and superiority under Rule 23(b).

### A. Rule 23(a)

Rule 23(a)(3) provides that a trial court may certify a class only if the claims or defenses of the representative parties are typical of the claims or defenses of the class. Ark. R. Civ. P. 23(a)(3). Appellees must establish that there are other members of the proposed class who have the same or similar grievances as the appellees. This court has dealt with the typicality prerequisite in *Summons v. Missouri Pac. R.R.*, 306 Ark. 116, 813 S.W.2d 240 (1991), and in *Mega Life & Health Ins. Co. v. Jacola*, 330 Ark. 261, 954 S.W.2d 898 (1997).

Appellants argue that some appellees agreed that their dispute with appellants would be decided by binding arbitration, rather than by class litigation, and that their claims are not typical of those other potential class members who have no such agreement in their contract.

In *Summons*, the named plaintiffs brought an action seeking to certify a class of several thousand persons who were evacuated from their homes or businesses as the result of a railroad accident in which a chemical tank car overturned. A chemical leaked from the overturned tank, and the class members allegedly suffered damages based upon a claim of strict liability. The trial court in that case denied class certification, but this court reversed that finding, This court held that a representative's claim is typical of the class members' claims under Rule 23(a)(3) if the representative's claim arises from the same wrong allegedly committed against the class. *Summons, supra.* The typicality requirement is discussed in H. Newberg, *Class Actions*, 3.13, *supra*, as follows:

> Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affect-

ing the class, so that the court may properly attribute a collective nature to the challenged conduct. In other words, when such a relationship is shown, a plaintiff's injury arises from or is directly related to a wrong to a class, and that wrong includes the wrong to the plaintiff. Thus, a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory. When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of varying fact patterns which underlie individual claims. [Footnotes omitted.]

 Thus, the typicality requirement is satisfied where the event or practice or course of conduct that gives rise to the claim of other class members is the same event or practice or course of conduct that gives rise to the plaintiff's injury, and where the claim is based upon the same legal theory. In the present case, the class representatives allege both a common practice and a common course of conduct in dealing with members of the class. Because the representative's claims need only be typical and not identical, the court can attribute a collective nature to the challenged conduct of appellants. Therefore, the class representatives' claims and those of the class are typical. The representatives' claims and those of the class arise from the exact same wrongful practice, i.e., usurious loans.

██ In its second challenge under Rule 23(a), appellant asserts that appellees are not adequate representatives of the class. Rule 23(a)(4) provides that representative parties may bring an action on behalf of all class members, if the representative parties fairly and adequately protect the interests of the class. We have previously explained that the three elements of this requirement are that: (1) the representative counsel must be qualified, experienced and generally able to conduct the litigation; (2) that there be no evidence of collusion or conflicting interest between the representative and the class; and (3) the representative must display some minimal level of interest in the action, familiarity with the practices challenged, and ability to assist in decision making as to

the conduct of the litigation. *Mega Life & Health Ins. Co. V. Jacola*, 330 Ark. 261, 954 S.W.2d 898 (1997).

Appellant asserts that to satisfy the adequacy of representation requirement, appellees must establish that there are no conflicting interests between them and other potential class members. Appellant sets out four points as to why Rule 23(a)(4) is not met. First, appellant states appellees are unable to fairly and adequately represent the interests of the proposed class. Appellant states that the deferred presentment transaction option agreements signed by appellees includes an arbitration provision which explicitly precludes them from serving as a class representative in a dispute with appellants. Under the agreements, appellees agreed to resolve any disputes with appellants through binding arbitration. Appellant argues that this contractual commitment creates a clear conflict between appellees and any potential class members who have not agreed to arbitrate with appellants.

Also, Geron Vail, who owns fifty percent of appellants and is the president and general manager, testified that not all of Jimmie Sue Spencer's agreements contain arbitration clauses and that appellants began inserting arbitration clauses in their contracts sometime after 2000. Thus, the record indicates that a group of class members signed arbitration clauses and that a group of class members did not.

However, the trial court ruled that appellants' arbitration agreements are invalid. Therefore, the arbitration agreements are irrelevant to appellee's adequacy, and thus there is no evidence of collusion or conflicting interest between the representatives and the class.

Second, appellant contends that appellee Jimmie Sue Spencer is unable to fairly and adequately represent the interests of the proposed class. Appellant contends that appellee Spencer is the class representative in at least six cases against check cashers, and she has done business with at least four other check cashers who she may yet sue. Appellant asserts that her "professional" plaintiff status, rather than supporting any argument of her adequacy to represent the class, undercuts her position; there is no question that she will have limited time to devote to this action and her loyalties are

clearly divided. Appellant states that Spencer has demonstrated a lack of knowledge about the terms of the settlement and she was not aware of various facts about the case.

However, appellee argues that Spencer did know more about the case than appellant contends. Spencer testified that she speaks to her attorney once or twice a week and is able to take off work for trial if the need should arise. She testified that she knows what to expect by being a class representative and she is aware of that she may have to go to court. The trial court in its order certifying the class found that Spencer was an "adequate" person to serve as class representative, and we agree. Despite Spencer's lack of understanding of some legal terms involved in the case, Spencer clearly showed a minimal level of interest in this action in that she contacted her attorneys concerning the action. Therefore, she meets the minimal interest set by the third requirement derived from Rule 23(a)(4).

Next, appellant argues that appellee Dorothy Barnes is unable to fairly and adequately represent the interests of the class. Appellant argues that Barnes cannot establish that there are no conflicting interest between her and other potential class members. Barnes is a named plaintiff and a proposed class representative in two other cases against check cashers. Appellant contends that Barnes has demonstrated that she lacks the capacity to fairly and adequately represent the proposed class where she doesn't know who the defendant is in her own case, nor does she know who she intends to sue next.

However, Barnes testified in a deposition that she contacted the class counsel specifically about representing her against appellant and another payday loan provider. Barnes testified that she understands that she is suing appellants and that her goal is to represent all the people who have done business with appellants, and to stop the usury on these loans. Again, Barnes meets the minimal bar set by the third requirement of Rule 23(a)(4).

Finally, appellant argues that appellees are unable to fairly and adequately represent the interests of the proposed class against Cash Advance Now of Jonesboro. Appellant asserts that Cash

Advance Now of Jonesboro (hereinafter "CANJ") is a separate limited liability company which has never conducted any business. It is a dormant company and appellees have offered no proof whatsoever that either of them ever conducted any business with CANJ. Appellant contends that there is no class of individuals that have ever done business with CANJ and, therefore, appellees cannot represent the interests of any such class.

Appellee contends that this argument by appellant should not defeat class status. If the argument is correct, Cash Advance Now of Jonesboro may be entitled to a dismissal from this action on a class-wide basis. However, class counsel has not been allowed to conduct merit discovery. Any dismissal should take place after class counsel is able to ensure that Cash Advance Now of Jonesboro had no involvement in these claims and also that assets have not been transferred to Cash Advance Now of Jonesboro to avoid a potential judgment.

### B. Rule 23(b)

In its final point, appellant argues that appellees failed to satisfy the requirements of Rule 23(b) that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Ark. R. Civ. P. 23(b) (2001).

This court has already addressed the issues of superiority and predominance in a check-cashing case in *USA Check Cashers of Little Rock, Inc. v. Island*, and our holding in that case applies here. 349 Ark. 71, 76 S.W.3d 243 (2002). This court stated:

> This court has held with respect to superiority that the requirement is satisfied if class certification is the more "efficient" way of handling the case and if it is fair to both sides. *See BPS, Inc. v. Richardson, supra*. Real efficiency can be had if common, predominating questions of law or fact are first decided, with cases then splintering for the trial of individual issues, if necessary. *See SEECO, Inc. v. Hales, supra; Lemarco, Inc. v. Wood*, 305 Ark. 1, 804 S.W.2d 724 (1991).

Here, the circuit court ruled that because the potential recovery to each member of the class was expected to be relatively small and would not justify contingency fee cases nor cases in which attorneys charge on an hourly basis, a class action was the superior method for adjudicating these claims. The overarching issue in this case concerns USA Check Cashers' uniform practice of requiring a fee in exchange for an agreement to defer presentment of the customer's check for payment and whether that fee is usurious interest. Because of the pervasiveness of this issue in the transactions of all potential class members, it would be economically and judicially inefficient to require all putative class member, of which there could be as many as 2,680, to file individual suits in a small claims court.

To be sure, USA Check Cashers may have defenses available to it as to various individual members or even subclasses, but this is no reason to deny certification. To the contrary, this court has held that the class-action procedure is judicially efficient in resolving not only common claims but also common defenses. *See, e.g., SEECO, Inc. v. Hales, supra; Mega Life & Health Ins. Co. v. Jacola, supra.* The Proposed Trial Management Plan submitted to the court by Island and Carter certainly contemplates resolving common defenses in Phase I, as evidenced by the language of the proposal: "The Court may also determine in Phase I of the trial any common defenses asserted by the defendant, *e.g.*, whether class members who entered into a transaction after the filing of this lawsuit are estopped from asserting a claim." Finally, as to manageability, this court has made it abundantly clear that a circuit court can always decertify a class should the action become too unwieldy. *See BNL Equity Corp. v. Pearson, supra; Fraley v. Williams Ford Tractor & Equip. Co., supra.*

We conclude that a class action is the superior method for adjudicating the class members' claims.

*USA Check Cashers*, 349 Ark. 82-83. The court went on to address the issue of predominance, stating:

For its final point, USA Check Cashers argues that the claims of individual claimants depend on each claimant's particular interaction with the company. Additionally, the company asserts that because individual defenses would become the focus of the litigation, class certification is inappropriate.

We have already addressed this point in large part. USA Check Cashers appears to be challenging the predominance

requirement, and the starting point for our analysis is whether a common wrong has been alleged against USA Check Cashers respecting all class members. *See BPS, Inc. v. Richardson, supra.* Again, as already underscored in this opinion, there are overarching common questions present in this case as the circuit court outlined in its order. Those questions include: whether USA Check Cashers' transactions were loans with interest accruing and whether those transactions violated the Arkansas Constitution. We conclude that these common questions predominate over individual questions. The mere fact that individual issues and defenses may be raised by the company regarding the recovery of individual members cannot defeat class certification where there are common questions concerning the defendant's alleged wrongdoing which must be resolved for all class members. *Newberg on Class Actions* speaks directly to this point:

> Challenges based on the statutes of limitations, fraudulent concealment, releases, causation, or reliance have usually been rejected and will not bar predominance satisfaction because these issues go to the right of a class member to recover, in contrast to underlying common issues of the defendant's liability.

*SEECO, Inc. v. Hales*, 330 Ark. at 413, 954 S.W.2d at 240 (quoting 1 Herbert B. Newberg, *Newberg on Class Actions* §§ 4.26, at 4-104 (3d ed.1992)).

Again, common issues, as far as alleged wrongdoing and defenses, predominate in this case, and we affirm the trial court on this point.

*USA Check Cashers*, 349 Ark. at 83-84. This court has already addressed the general issues of superiority and predominance in check-cashing cases, and this case raises no new issues.

Here, the trial court certified a class consisting of every person who had engaged in deferred presentment transactions with the appellant anywhere in the state of Arkansas. Appellant contends that the trial court will be faced with literally hundreds of individual questions of fact if we affirm and grant the class certification. Appellant states that the court must determine which of the class members conducted business with which defendant, and determine the specific facts of each check-cashing transaction between class member and each defendant. Appellant argues that

because individual questions of fact predominate over one common legal question, appellees have failed to satisfy Rule 23(b) and the grant of class certification should be overturned.

█ However, the trial court heard arguments and reviewed the briefs of the parties. The trial court concluded that the class representatives' experience with appellant and the transactions involved are typical of all appellant's customers, that questions of law or fact common to the members of the class predominate over individual issues and that a class action is superior to other available methods of adjudication. Therefore, it cannot be shown where the trial court abused its discretion in making such a finding, and the trial court should be affirmed.

Affirmed.

GLAZE, J., not participating.