LENDERS TITLE COMPANY *v.* Don CHANDLER, Individually and on Behalf of Other Persons Similarly Situated

02-936 107 S.W.3d 157

Supreme Court of Arkansas
Opinion delivered May 22, 2003

*Wood, Smith, Schnipper & Clay,* by: *Don M. Schnipper,* and *Friday, Eldredge & Clark,* by: *William A. Waddell, Jr.,* for appellant.

*Nichols & Campbell, P.A.,* by: *H. Gregory Campbell;* and *Morgan & Turner,* by: *Todd M. Turner* and *Dan O. Turner,* for appellee.

JIM HANNAH, Justice. Appellant Lenders Title Company appeals the order of the Garland County Circuit Court certifying Appellee Don Chandler's suit as a class action, pursuant to Ark. R. Civ. P. 23. For reversal, Lenders argues that both the trial court's order and the record itself are insufficient to support certification of a class. Lenders also argues that the trial court erred in denying its motion to dismiss for failure to state facts upon which relief may be granted, pursuant to Ark. R. Civ. P. 12(b)(6). This appeal presents issues of substantial public interest requiring further development or clarification of the law regarding class actions; hence, this court's jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(4) and (5). We reverse and remand for further analysis of the class-certification issue, and we dismiss the appeal from the denial of the motion to dismiss.

The record reflects that Chandler filed suit against Lenders on October 23, 2001. In his complaint, Chandler alleges that on January 3, 2001, he sold property in Hot Springs, for which Lenders acted as the settlement and escrow agent. During that transaction, Lenders charged and received $50 each from Chandler and the buyer, Everett Lawless, for document preparation. Chandler alleges that the document-preparation fees received by Lenders are for documents prepared by Lenders, including legal documents such as deeds, mortgages, and notes. Chandler claims that the act of charging a separate fee for the preparation of legal documents constitutes the unauthorized practice of law. Chandler asserts that Lenders's actions violate the Arkansas Deceptive Trade Practices Act (DTPA), Ark. Code Ann. § 4-88-101 to -115 (Repl. 2001).

He further asserts that Lenders was negligent in failing to explain the fees charged. He claims that by failing to communicate to him that the fees charged were unlawful and illegal, and by charging such an unlawful and illegal fee, Lenders breached the standard of care owed to Chandler and others similarly situated.

On December 20, 2001, Lenders filed a motion to dismiss for failure to state facts upon which relief may be granted, pursuant to Rule 12(b)(6). A hearing was held on Lenders's motion on February 25, 2002. In a letter sent to counsel on March 13, the trial court denied the motion, stating that Chandler had stated causes of action for both negligence and violation of the DTPA. An order was entered reflecting the trial court's decision on March 21.

On March 18, 2002, Chandler filed a motion for class certification. Lenders filed its response in opposition to the motion for certification on April 5. On May 31, Lenders filed a motion for specific findings and conclusions, requesting the trial court to make specific findings of fact and conclusions of law in the order either granting or denying Chandler's motion for certification of a class. On June 2, Lenders filed its proposed findings and conclusions.

A hearing was held on the motion for certification on June 3 and 4, 2002. Lenders presented testimony from several witnesses, and both parties offered numerous exhibits. At the conclusion, the trial court announced that it would allow the parties to submit their proposed findings of fact and conclusions of law before the court made a decision. Both sides submitted their proposals on June 14. On July 17, the trial court issued its findings of fact and conclusions of law and sent a letter to the parties defining the class as "all who engaged in a real estate closing handled by the Defendant on or after October 23, 1996 who were charged a document preparation fee."

Following entry of that order, on August 5, 2002, Lenders filed a motion for a ruling on its proposed findings of fact and conclusions of law and, alternatively, for additional findings and conclusions. The trial court denied that motion on August 13. On August 16, Lenders filed a notice of appeal from the trial court's July 17 order and letter; the August 13 order denying the motion for specific findings and conclusions; and the March 21 order denying Lenders' motion to dismiss. Five days later, on August 21, the trial court entered a final order certifying Chan-

dler's suit as a class action. Lenders filed an amended notice of appeal that same date to include the final certification order.

Lenders purports to raise two issues on appeal; in reality, however, there are three issues presented for this court's resolution. First, Lenders argues that the certification order must be reversed because the trial court failed to make sufficient findings and conclusions on each of the criteria required for class actions. Second, Lenders argues that certification was improper because the record itself does not support any of the six criteria required for class actions. Third, Lenders argues that the trial court erred in denying its motion to dismiss Chandler's suit pursuant to Rule 12(b)(6).

### Sufficiency of the Certification Order

■ Lenders argues that the certification order in this case should be reversed because the trial court failed to make specific findings of fact and conclusions of law on each of the required elements of a class action, as provided in Rule 23(a) and (b). Under Rule 23, six criteria must be met before a suit may be certified as a class action: (1) numerosity; (2) commonality; (3) typicality; (4) adequacy; (5) predominance; and (6) superiority. *THE/FRE, Inc. v. Martin*, 349 Ark. 507, 78 S.W.3d 723 (2002); *USA Check Cashers of Little Rock, Inc. v. Island*, 349 Ark. 71, 76 S.W.3d 243 (2002); *BPS, Inc. v. Richardson*, 341 Ark. 834, 20 S.W.3d 403 (2002). Lenders asserts that it made a timely request for specific findings and conclusions pursuant to Rule 23, Ark. R. Civ. P. 52, and this court's decision in *BPS, Inc.*, 341 Ark. 834, 20 S.W.3d 403. Lenders asserts that because the trial court's certification order does not reflect findings on each of these six criteria, the order should be reversed. Lenders contends that the lack of findings, particularly as to the common questions of law or fact, will hinder its ability to defend against the suit.

Chandler contends that the trial court's order is sufficient enough and that this court should affirm if it finds that the record supports the trial court's conclusion to certify the class. He argues that the trial court is not required to conduct a rigorous analysis for certification or to address every fact or conclusion proposed by Lenders. He contends further that *BPS, Inc.*, does not control this case, because the trial court made some findings and conclusions.

He relies on this court's decision in *Tay-Tay, Inc. v. Young*, 349 Ark. 675, 80 S.W.3d 365 (2002).

■ In *BPS, Inc.*, the appellants asserted that the class-certification order should be reversed because the trial court failed to make specific findings of fact and conclusions of law pursuant to Ark. R. Civ. P. 52. The appellees responded to the argument by contending that a motion for class certification is merely a motion and, as such, is not subject to Rule 52. This court rejected that contention, noting that it had previously stated in *Mega Life & Health Ins. Co. v. Jacola*, 330 Ark. 261, 954 S.W.2d 898 (1997), that the issue is governed by Rule 52, which requires the trial court to enter such specific findings and conclusions where a party makes a timely request. To be timely, a party must make the request either prior to or within ten days after entry of the order of certification. *Id.* The appellant in *Mega Life* did not make a timely request; thus, this court held that the issue was waived on appeal.

■ In *BPS, Inc.*, 341 Ark. 834, 20 S.W.3d 403, the appellants had made a timely request for specific findings and conclusions pursuant to Rule 52, and this court fully addressed the issue on appeal. After reviewing the trial court's order, this court held that the certification order was insufficient:

> We conclude that this order does not meet the mandatory requirements of Rule 23. Specifically, evaluating the trial court's order we cannot be certain of: (1) the number of members in the class which the trial court used to determine whether the numerosity requirement was met (estimated size of the class ranged from 100 members to 20,000 members); (2) what the trial court found to be the "common questions of law or fact"; (3) what claims the trial court found to be held by the representative parties which would be "typical" of the claims of the proposed class and whether such claims would be subject to defenses not applicable to all members of the class; (4) why the named plaintiffs' claims predominate over claims held by individual class members; (5) why the trial court found that the representative parties would fairly and adequately represent the class; or (6) why the trial court found that a class action is "superior to other available methods for a fair and efficient adjudication of all the actual and potential claims."

*Id.* at 850, 20 S.W.3d at 411-12. Based on this conclusion, this court held that the trial court abused its discretion in certifying the case as a class action. This court then concluded:

For a class action to serve the purpose of an efficient and fair means of resolving claims arising out of the same circumstances, these issues must be analyzed. Accordingly, we reverse and remand this case to the trial court for analysis and findings as required by Rule 23 and Rule 52 of the Arkansas Rules of Civil Procedure.

*Id.* at 851, 20 S.W.3d at 412. Relying on a decision from our court of appeals, this court indicated that to satisfy the rule's requirements, the trial court need only make "brief, *definite, pertinent findings and conclusions* upon the contested matters." *Id.* at 849, 20 S.W.3d at 411 (quoting *McClain v. Giles,* 271 Ark. 176, 178 n.1, 607 S.W.2d 416, 417 n.1 (Ark. App. 1980)).

■ In the present case, prior to the trial court's resolution of the certification issue, Lenders filed a motion, pursuant to Rules 23 and 52 and this court's holding in *BPS, Inc.,* for specific findings of fact and conclusions of law with respect to the requirements for class certification contained in Rule 23(a) and (b). After the trial court issued its findings and conclusions, Lenders filed a motion for a ruling on its proposed findings and conclusions or, alternatively, seeking additional findings and conclusions. The trial court denied that motion, ruling that it had "made such findings and conclusions as it deems necessary for the decision on the Plaintiff's Motion for Class Certification." Accordingly, the issue of the sufficiency of the trial court's order is preserved for this court's review.

The trial court's order reflects the following findings of fact and conclusions of law:

1. Plaintiff has engaged in several real estate closings which were handled by the Defendant in which the parties were charged for document preparation.

2. Defendant has conducted over 35,000 closings during the years from 1997 to 2000 with each transaction involving at least two parties.

3. It is typical for the Defendant to charge a document preparation fee in connection with the real estate closings it conducts and, in fact, is its normal practice.

4. Consolidation of all potential claims into one action would provide substantial benefit from the standpoints of efficiency and judicial economy.

5. The issues raised in this case would be present in most, if not all, of the closings in which the Defendant participated.

6. The Plaintiff has demonstrated knowledge and familiarity with the facts of the case and the legal processes involved and has displayed an active interest in pursuing the case to its ultimate conclusion.

7. Counsel for the Plaintiff have engaged successfully in class action cases in the past which were vigorously and competently pursued.

8. There is no evidence of any collusion or conflicting interest between the proposed representative and the class.

9. The legal requirements of commonality, numerosity, typicality and adequacy have all been clearly and convincingly demonstrated.

10. The Plaintiff would be an adequate representative of the Class and Plaintiff's attorneys would serve adequately as class counsel.

11. The common issues raised in the Plaintiff's complaint would predominate throughout the class and a class action is the superior method with which to address the issues raised in this case.

Based on these findings and conclusions, the trial court granted Chandler's motion for certification of a class.

Like the order involved in *BPS, Inc.*, 341 Ark. 834, 20 S.W.3d 403, the order in this case falls short of the requirements of Rule 23. The order does not state what the trial court found to be questions of law or fact common to the class. Nor does the order explain why or how the common issues would predominate over individual issues. Likewise, the order does not state why a class action in this case is the superior method for adjudicating the claims. Rather, in conclusory fashion, the order merely states that the common issues raised in the complaint predominate and that a class action is the superior method for addressing these issues. It does not address the argument made by Lenders that a class action is not superior because identifying the potential members of the class will require a closing-transaction-by-closing-transaction analysis.

Nor does the order state how or why a class action would be more fair to the parties. Instead, again in a conclusory fashion, the order merely states that there would be substantial benefit through efficiency and judicial economy by consolidating

the potential claims into one class action. Finally, the order does not explain why Chandler's claims are typical of the proposed class or whether such claims are subject to defenses not applicable to all members of the class. In short, the order lacks analysis of the criteria set out in Rule 23.

 Before we leave this point, we are compelled to address Chandler's argument that our holding in *BPS, Inc.* conflicts with our holdings refusing to adopt the federal standard, which requires the trial court to conduct a rigorous analysis before certifying a case as a class action. *See, e.g., Tay-Tay*, 349 Ark. 675, 80 S.W.3d 365; *The Money Place v. Barnes*, 349 Ark. 518, 78 S.W.3d 730 (2002); *Mega Life*, 330 Ark. 261, 954 S.W.2d 898.[1] In *Mega Life*, this court rejected the notion that a rigorous analysis was required on the issue of certification:

> We also must respond to the dissent's contention that the certification order must be reversed because the trial court failed to conduct a "rigorous analysis" of the Rule 23(b) requirements of predominance and superiority. In support of this argument, the dissent cites *Arthur v. Zearley*, 320 Ark. 273, 895 S.W.2d 928 (1995). The *Arthur* opinion, however, is devoid of any language requiring the trial court to conduct a "rigorous analysis." In fact, we are unable to find any Arkansas case requiring the trial court to conduct a rigorous analysis, or for that matter, any case that describes exactly what such an analysis entails. Instead, we have consistently held that we will reverse a trial court's certification order *only* when the court has abused its discretion. In making this determination, we have consistently reviewed the evidence in the record to determine whether it supports the trial court's ultimate conclusion regarding certification. We have not, as argued by the dissent, previously required the court to enter into the record a detailed explanation of why it concluded that certification was proper, and we refuse to impose such a requirement upon the trial court at this time.

*Id.* at 269, 954 S.W.2d at 901 (citations omitted). We do not retreat from this holding today, nor did we do so in *BPS, Inc.*, 341

---

[1] In both *Tay-Tay* and *The Money Place*, this court held that the argument that the trial court's order lacked specific findings was not preserved for appeal, because the appellants did not request specific findings of fact for the issues in Rule 23 or file a motion pursuant to Rule 52(b) after the entry of the court's judgment to make additional findings on the issues.

Ark. 834, 20 S.W.3d 403. We have consistently maintained that the trial court is not required to conduct a rigorous analysis before it may certify a case as a class action. The fact that we have refused to adopt such a strict standard, however, does not mean that there is no standard at all. The trial court must undertake enough of an analysis to enable us to conduct a meaningful review of the certification issue on appeal. At a minimum, this requires more than a cursory mention of the six criteria or bare conclusions that those criteria have been satisfied. The trial court cannot simply rubber stamp the complaint.

■ ■ Moreover, we maintain that where, as here, a party makes a timely request for specific findings of fact and conclusions of law on the criteria for class certification provided in Rule 23, the trial court is required to make such specific findings and conclusions. The trial court did not do so here, even though a request was timely made. Accordingly, we reverse the order of certification and remand the matter to the trial court for analysis and findings as required by Rules 23 and 52. Because we reverse and remand on this point, we do not address Lenders' second argument, that the record does not support the criteria required for class certification under Rule 23. We turn now to Lenders' third argument.

*Motion to Dismiss*

■ Lenders argues that the trial court erred in denying its motion to dismiss for failure to state facts upon which relief can be granted, pursuant to Ark. R. Civ. P. 12(b)(6). We cannot reach this point, as the denial of a motion to dismiss is not an appealable order under Ark. R. App. P.—Civ. 2. *See also St. Paul Mercury Ins. Co. v. Circuit Court of Craighead County*, 348 Ark. 197, 73 S.W.3d 584 (2002); *Nucor Holding Corp. v. Rinkines*, 326 Ark. 217, 931 S.W.2d 426 (1996).

■ Lenders does not dispute this general rule; rather, it argues that the denial of its motion to dismiss is an appealable order because the grounds supporting dismissal are intertwined with the issue of class certification. Lenders asserts that because the class-certification order is appealable, any "underlying orders" are also appealable. It relies on Ark. R. App. P.—Civ. 2(b), which provides in part: "An appeal from any final order also brings up for review any intermediate order involving the merits and necessarily affecting

the judgment." The fallacy with Lenders's argument is that a class-certification order is not a "final order," within the meaning of Rule 2. For an order to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *See Fisher v. Chavers*, 351 Ark. 318, 92 S.W.3d 30 (2002); *Farm Bureau Mut. Ins. Co. v. Running M Farms, Inc.*, 348 Ark. 313, 72 S.W.3d 502 (2002); *Beverly Enters.-Ark., Inc. v. Hillier*, 341 Ark. 1, 14 S.W.3d 487 (2000).

An order certifying a class action is not a final order; it is an interlocutory order. *See Worth v. City of Rogers*, 351 Ark. 183, 89 S.W.3d 875 (2002); *THE/FRE, Inc.*, 349 Ark. 507, 78 S.W.3d 723; *F&G Fin. Servs., Inc. v. Barnes*, 349 Ark. 420, 82 S.W.3d 162 (2002). Such an order is specifically appealable, pursuant to Rule 2(a)(9), as an exception to the final-order requirement. *See Ford v. Ford*, 347 Ark. 485, 65 S.W.3d 432 (2002) (holding that the exceptions identified in Rule 2 specify circumstances in which an issue is appealable even though the order is not final). This court has recognized that finality principles do not apply to class-certification rulings. *Advance America, Cash Advance Ctrs. Of Ark., Inc. v. Garrett*, 344 Ark. 75, 40 S.W.3d 239 (2001); *Fraley v. Williams Ford Tractor & Equip. Co.*, 339 Ark. 322, 5 S.W.3d 423 (1999). Indeed, Rule 23(b) specifically provides in part: "An order under this section may be conditional and it may be altered or amended before the decision on the merits." Thus, because a class-certification order is not a final order, it does not bring up for review any intermediate order involving the merits.

Moreover, this court has repeatedly refused to delve into the merits of the case or even determine whether the plaintiff has stated a cause of action on review of a class-certification order. *See, e.g., Arkansas Blue Cross & Blue Shield v. Hicks*, 349 Ark. 269, 78 S.W.3d 58 (2002); *BPS, Inc.*, 341 Ark. 834, 20 S.W.3d 403; *Fraley*, 339 Ark. 322, 5 S.W.3d 423. As this court explained in *Fraley*:

> We have held that neither the trial court nor the appellate court may delve into the merits of the underlying claim in determining whether the elements of Rule 23 have been satisfied. In that regard, a trial court may not consider whether the plaintiffs will ultimately prevail, *or even whether they have a cause of action.*

*Id.* at 335, 5 S.W.3d at 431 (citations omitted) (emphasis added). *See also Mega Life*, 330 Ark. 261, 954 S.W.2d 898.

 If this law were not clear enough, in *Arkansas State Bd. of Educ. v. Magnolia Sch. Dist. No. 14*, 298 Ark. 603, 605, 769 S.W.2d 419, 420 (1989), this court stated: "It was not our intention in changing Rule 2(a) to allow any issue to be presented here under the guise of an appeal of a class certification other than ones concerning compliance with Ark. R. Civ. P. 23." Thus, this court has made clear that in an interlocutory appeal from a certification order, it will hear only arguments on whether the trial court abused its discretion in certifying the class under Rule 23. Accordingly, the denial of Lenders's motion to dismiss, pursuant to Rule 12(b)(6), is not reviewable at this time, and we dismiss this portion of the appeal.

Reversed and remanded in part; dismissed in part.

IMBER, J., concurs.

GLAZE, J., dissents.

CORBIN, J., not participating.

ANNABELLE CLINTON IMBER, Justice, concurring. I concur with the majority that this case must be reversed and remanded in order for the trial court to set out specific findings of fact and conclusions of law pursuant to Ark. R. Civ. P. 52. However, I write separately because I disagree with the implication in the majority opinion that Rule 23 of the Arkansas Rules of Civil Procedure requires that such findings and conclusions be made.

Rule 23 lays out the six requirements for class certification in Arkansas: (1) numerosity; (2) commonality; (3) typicality; (4) adequacy; (5) predominance; and (6) superiority. In no place does Rule 23 require a trial court to make any sort of specific findings of fact or conclusions of law. In fact, quite the opposite is true. Rule 23 merely requires the trial court to come to the conclusion that the six requirements are met. Simple conclusory statements, as were made in this case, would have met the requirements of Rule 23 in certifying the class in this case.

Rule 52, on the other hand, does require the trial court to make specific findings of fact and conclusions of law if requested on motion of a party. Rule 52(a) provides that these findings and conclusions will be made in the trial court's class-certification order if requested prior to the order being issued, and 52(b) pro-

vides for the motion to be made within ten days of the order being issued, upon which the trial court may amend its findings of fact and conclusions of law to make them more specific or to make additional findings and conclusions.

*Mega Life & Health Ins. Co. v. Jacola*, 330 Ark. 261, 954 S.W.2d 898 (1997) points out that Rule 52, not Rule 23, governs the issue of when a trial court must make specific findings of fact and conclusions of law upon request of a party. Rule 23 is mentioned only to reference that those findings and conclusions required by Rule 52 should specify how the trial court found the six class-certification requirements were met.

Today's majority opinion could be read as implying that all class-certification orders must have specific findings of fact and conclusions of law, based on Rule 23 alone. Such an implication would nullify the need for Rule 52 motions. Because it is Rule 52, and not Rule 23, that governs whether or not a trial court must make specific findings of fact or conclusions of law in class-certification orders, I must respectfully disagree with the majority on this point. As the Rule 52 requests were in fact made in this case, the class-certification order must be reversed and remanded for entry of specific findings of fact and conclusions of law that should specify how the Rule 23 requirements have been met.

TOM GLAZE, Justice, dissenting. The majority court appears to retreat from its earlier decisions that the trial court is not required to conduct a "rigorous analysis" under Ark. R. Civ. P. 23, and that this court will reverse a trial court's certification order *only* when the court has abused its discretion. *Tay-Tay, Inc. v. Young*, 349 Ark. 675, 80 S.W.3d 365 (2002). In making this determination, *this court has consistently reviewed the evidence in the record to determine whether it supports the trial court's ultimate conclusion regarding certification.* (Emphasis added.) *Id*, see also *Direct Gen. Ins. Co. v. Lane*, 328 Ark. 476, 944 S.W.2d 528 (1997). Moreover, our court has not previously required the trial court to enter into the record a detailed explanation of why it concluded that certification was proper. *Id.*

Our court has taken this more liberal view in *initially* certifying a class action at the early stage of litigation because such a certification may be altered or amended before the decision on the merits. *Fraley v. Williams Ford Tractor and Equipment Co.*, 339 Ark.

322, 5 S.W.3d 423 (1999). This court explained this position in *Fraley* as follows:

> Rule 23 of the Arkansas Rules of Civil Procedure specifically states that "[a]n order under this section may be conditional and it may be altered or amended before the decision on the merits." Ark. R. Civ. P. 23; *See also* NEWBERG ON CLASS ACTIONS, *supra* § 7.47. Class rulings are often reconsidered, and subsequently affirmed, altered, modified, or withdrawn. *Id.*
>
> [A]lthough the court's initial decision under Rule 23(c)(1) that an action is maintainable on a class basis in fact may be the final resolution of the question, it is not irreversible and may be altered or amended at a later date. This power to change the class certification decision has encouraged many courts to be quite liberal in certifying a class when that decision is made at an early stage, noting that the action always can be decertified or the class description altered if later events suggest that it is appropriate to do so. Wright, Miller & Kane: Federal Practice & Procedure 2d § 1785 at pp. 128–31 (2d Ed. 1986) (citations omitted). "The ability of a court to reconsider its initial class rulings . . . is a vital ingredient in the flexibility of courts to realize the full potential benefits flowing from the judicious use of the class device." Newberg on Class Actions, *supra* § 7.47 at pp. 7–416. Class-action certification is necessarily an ongoing process in light of Rule 23's opt-out and decertification provisions.

The majority court here seems to retreat from our prior holdings set out above, and, while the trial court made findings of fact and conclusions of law, this court holds those findings are insufficient, thus deciding the trial court abused its discretion. The majority opinion relates that the trial court must undertake enough of an analysis to enable this court to conduct a meaningful review of the certification on appeal, and requires more than a cursory mention of the six criteria under Ark. R. Civ. P. 23. The majority, for example, holds that the trial court's order does not state what the questions of law or fact are common to the class.

The trial court, however, reviewed Chandler's complaint and the record and determined the ultimate common question in the case is the unauthorized practice of law, by charging a preparation fee for the preparation of legal documents in real estate closing transactions. The trial court also found the defendant, Lenders Title Company, had conducted over 35,000 such real estate closings during the years from 1997 to 2000, and it was typical and normal

practice for Lenders to charge a document fee in connection with these closings. In arguing Chandler's case, counsel alluded to the trial court's findings and the record to support those findings.

It is my view that the trial court did all it was required to do in rendering its findings, and if the trial court made an error, it can easily correct that mistake by decertification. I would add mention of *BPS, Inc. v. Richardson*, 341 Ark. 834, 20 S.W.3d 403 (2000), since the majority seems to rely on that decision in ruling as it does. Undoubtedly, *BPS* appears to be somewhat restrictive and contrary to many of our precedents, and that holding appears to require a "rigorous analysis" — a feat this court has held is unnecessary. However, there was no mention or comparison of the trial court's authority to decertify a class or this court's rationale as to why it relies on a liberal view when granting a class action.

For the above reasons, I dissent.