Barbara MITTRY, as Personal Representative of the Estate of
F.K. "BILL" Mittry, Deceased and Joseph Harvey, Both On Behalf of
All Others Similarly Situated  *v.*  BANCORPSOUTH BANK
f/k/a/ First United Bank (Stuttgart)

04-829                                                    200 S.W.3d 869

Supreme Court of Arkansas
Opinion delivered January 6, 2005

*Perroni, James & House, P.A,* by: *Samuel A. Perroni* and *Patrick R. James,* for appellants.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.,* by: *Herman Ivester,* for appellee.

ANNABELLE CLINTON IMBER, Justice. This is an appeal from an order by the circuit court denying class certification under Rule 23 of the Arkansas Rules of Civil Procedure. The appellants in this appeal are Barbara Mittry, who is the personal representative of the Estate of F.K. "Bill" Mittry, deceased, and Joseph Harvey, as representatives in their individual capacities and of all others similarly situated. The appellee is Bancorpsouth Bank, formerly known as First United Bank (Stuttgart). On April 5, 2001,

Bill Mittry filed a class-action complaint against the appellee for breach of fiduciary duty, gross negligence, and breach of contract as a result of a separate lawsuit initiated and pursued by the appellee at a time when it served as trustee in connection with the issuance and sale of bonds to the public to help finance improvements by four development districts in the city of Maumelle (the "Maumelle Bonds").[1] *First United Bank v. Phase II, et al.*, 347 Ark. 879, 69 S.W.3d 33 (2002). According to the allegations in the complaint, which Harvey later joined, the appellee's pursuit of the litigation caused a decrease in the secondary market sale price that appellants received when they sold their bonds, thereby causing them to sustain a financial loss. The appellants sought class certification of a class of Maumelle bondholders "who (a) purchased their bonds before April 5, 1998, and (b) sold their bonds between April 5, 1998 and October 7, 2002." In its answer, the appellee denied any liability to the bondholders.

Shortly after the filing of the complaint, Mittry filed a motion to certify class and the parties proceeded with discovery. In late 2003, the appellants amended their complaint and motion to certify the class. On April 8, 2004, after a hearing on the issue of class certification, the circuit court denied the appellants' motion for class certification. That ruling is the subject of this interlocutory appeal. We review a circuit court's denial of class certification under an abuse-of-discretion standard. *Fraley v. Williams Ford Tractor & Equip.*, 339 Ark. 322, 5 S.W.3d 423 (1999); *USA Check Cashers of Little Rock, Inc., v. Island*, 349 Ark. 71, 76 S.W.3d 243 (2002).

The crux of the appellants' appeal concerns whether the proposed class satisfies the predominance, numerosity, and superiority requirements under Ark. R. Civ. P. 23 (2004).[2] In certifying a class action under Ark. R. Civ. P. 23, the circuit court must certify that the following conditions are satisfied:

---

[1] Mittry and Harvey bought certain Maumelle Bonds that they subsequently sold.

[2] While the circuit court's order reflects specific findings on the predominance, numerosity, and superiority requirements, the parties disagree as to whether the order includes a finding on the commonality requirement. Moreover, the order is completely silent on the requirement of typicality. In the instant appeal, however, the appellants do not contend that the circuit court's order should be reversed because the court failed to set forth specific findings in regard to the Rule 23 elements following a request for specific findings of fact and conclusions of law under Ark. R. Civ. P. 52 (2004).

(1) The class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of a class, and (4) the representative parties will fairly and adequately protect the interest of the class. Ark. R. Civ. P. 23(a). Additionally, the court must find that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Ark. R. Civ. P. 23(b).

*Fraley v. Williams Ford Tractor & Equip.*, 339 Ark. at 333, 5 S.W.3d at 430. Here, the circuit court's order denying class certification states in relevant part:

[T]he questions of law and fact common to the members of the proposed class do not predominate over any questions affecting individual members, and a class action is not superior to other methods for the fair and efficient adjudication of the controversy.

Although facts and legal issues may be common to the class, the heart of Plaintiffs' claim is based upon the contention that a court action by the defendant caused low bond prices and a diminished sales price. The proposed class consists of approximately nineteen (19) sales of unrated bonds in odd lots by brokers in over the counter transactions during a period of changing interest rates. Given the individual question of causation relative to these sales, joinder and individual determination would be the superior method of achieving fair adjudication. The numerosity requirement is not satisfied and joinder is not impracticable.

The appellants appeal the circuit court's order, arguing that the circuit court abused its discretion when it determined that the predominance, numerosity, and superiority factors were not satisfied. We affirm the circuit court.

As stated above, Rule 23(b) provides that an action may be maintained as a class action if the prerequisite requirements of Rule 23(a) are satisfied, and the court finds that "*the questions of law or fact common to the members of the class predominate over any questions affecting only individual members*" and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Ark. R. Civ. P. 23(b) (2004) (emphasis added). With regard to the predominance requirement of Rule 23, we

must decide if the issues common to all plaintiffs "predominate over" the individual issues. *Baker v. Wyeth-Ayerst Laboratories*, 338 Ark. 242, 992 S.W.2d 797 (1999).

In concluding that the predominance factor was not satisfied in the *Baker v. Wyeth-Ayerst Laboratories* case, we noted the admonition by the Sixth Circuit Court of Appeals that a court should " 'question the appropriateness of a class action' where 'no one set of operative facts establishes liability, no single proximate cause equally applies to each potential class member and each defendant, and the individual issues outnumber common issues.' " *Baker v. Wyeth-Ayerst Laboratories*, 338 Ark. at 247, 992 S.W.2d at 800. (citing *Sterling v. Velsicol Chemical Corp.*, 855 F.2d 1188 (6th Cir. 1988)). Similarly, in *Summons v. Missouri Pac. R.R.*, 306 Ark. 116, 813 S.W.2d 240 (1991), class certification was proper because the common issues of the defendant's conduct and causation predominated over and could be resolved prior to addressing the individual and less difficult issues of damages and injuries. This court reiterated in *Arthur v. Zearley*, 320 Ark. 273, 895 S.W.2d 928 (1995), that a case with "numerous individual issues" can be better resolved on a case-by-case basis.

In contrast, the claim of misrepresentation was the "common linchpin" of every class member's case in *BNL Equity Corp. v. Pearson*, 340 Ark. 351, 10 S.W.3d 838 (2000), and the resolution of that issue predominated over potential individual issues. Moreover, in *SEECO, Inc. v. Hales*, 330 Ark. 402, 954 S.W.2d 234 (1997), because the alleged scheme to defraud royalty owners was the "overarching issue" and the starting point in resolving the matter, there was no abuse of discretion by the circuit court in certifying the class. Once again, the predominance issue was satisfied in *F & G Financial Serv., Inc. v. Barnes*, 349 Ark. 420, 82 S.W.3d 162 (2002), where the "overarching common questions" were whether the check casher's transactions were loans with interest accruing and whether those transactions violated the Arkansas Constitution. Finally, in *Williamson v. Sanofi Winthrop Pharm.*, 347 Ark. 89, 60 S.W.3d 428 (2001), we concluded that class certification is not appropriate when "the questions on which the case turns" are not common to each class member.

In the instant case, the "thrust" of the appellants' complaint is that the appellee's actions in pursuing the litigation in Pulaski County Chancery Court adversely impacted and depressed the secondary market prices that the appellants received for their Maumelle bonds and thereby caused their losses. On appeal, the

appellants contend that there are common questions of fact and law in this case relating to: (1) the propriety of the actions and decisions taken by the appellee in deciding to file and prosecute the earlier lawsuit, such actions and decisions affecting the financial standing of each class member; (2) whether the appellee had contractual obligations to the bondholders and whether those obligations were breached; and (3) whether the appellee, in taking its actions and making its decisions, committed gross negligence and breached its fiduciary duties while acting as trustee for the bond issues. Even under the very categories listed by the appellants, however, individual issues predominate over the issues common to the class as the appellants would be required to establish that the appellee's conduct was the proximate cause for the specific low price received by *each member* of the proposed class. In other words, there would have to be a review of each class member's individual situation concerning the sale of his or her Maumelle Bonds. Because the over-the-counter market for municipal bonds is not a centralized exchange and offers no specific "market price" for such bonds, the price a class members obtained for his or her bonds would vary based upon at least eight factors that are unique to each seller's transaction: (1) interest rates, (2) duration of marketing, (3) block size of bond to be sold, (4) U.S. Treasury Bond rates, (5) the rating of the Maumelle Bonds, (6) publicity, (7) the broker, and (8) the seller.

The appellants state that the appellee's causation argument is a "red herring." They cite *F & G Financial Serv., Inc. v. Barnes, supra,* for the proposition that "challenges on the statutes of limitations, fraudulent concealment, releases, causation, or reliance have usually been rejected and will not bar predominance satisfaction because these issues go to the right of the class member to recover, in contrast to the underlying issues of the defendant's liability." *F & G Financial Serv., Inc. v. Barnes,* 349 Ark. at 432, 82 S.W.3d at 169 (citing *SEECO, Inc. v. Hales,* 330 Ark. at 413, 954 S.W.2d at 240). Their reliance on *F & G Financial Serv., Inc. v. Barnes, supra,* however, is misplaced. As mentioned earlier, in the *F & G Financial Services* case, we found that there were "overarching common questions" concerning whether the check casher's transactions were loans with interest accruing and whether those transactions violated the Arkansas Constitution. The proposition cited by the appellants merely reaffirms that individual issues and defenses regarding the recovery of individual members cannot defeat class certification where there are common questions con-

cerning the defendant's alleged wrongdoing which must be re-solved for *all* class members. *F & G Financial Serv., Inc. v. Barnes*, 349 Ark. at 432, 82 S.W.3d at 169. (emphasis added). In the absence if such common questions, the *F & G Financial Services* case is not apposite.

The class in the instant case, as defined by the appellants, must consist of persons who *sold* their bonds over a particular four-year period.[3] Furthermore, it is the appellee's "actions and decisions affecting the *financial standing of each class member*" that the appellants propose as a common question. The circuit court correctly noted in its order that such questions center around the contention that the appellee's participation in litigation caused low bond prices and a diminished sales price. As such, individual issues predominate over the issues common to the class because the appellants would be required to establish that the appellee's con-duct was the proximate cause for the specific low price received by *each member* of the proposed class.

For the above-stated reasons, we cannot say that the circuit court abused its discretion in ruling that the predominance requirement of Ark. R. Civ. P. 23(b) has not been satisfied. Because the circuit court's order denying class certification can be affirmed solely on the predominance factor, we need not address the numerosity and superiority requirements under Rule 23(a).

Affirmed.

GUNTER, J., not participating.

---

[3] Although it is improper to consider the merits of the underlying lawsuit in the context of class certification, consideration of the elements of the underlying claim is important to determine whether any questions are common to the class and whether those questions will resolve the issue. *Williamson v. Sanofi Winthrop Pharm., supra.*