Rhonda K. Wood, Justice, dissenting.
Under Rule 23(a) of the Arkansas Rules of Civil Procedure (2017), a class action is appropriate only if the class is so numerous that joinder of all members is impracticable. Today, our court breaks new ground in affirming the circuit court's conclusion that a putative class of seven to thirty-six members is so numerous that joinder is impracticable. Because the majority further relaxes our already liberal requirements for class certification, I dissent.
Until today, a forty-one-member subclass was the smallest class that this court had recognized as having satisfied the numerosity requirement. FirstPlus Home Loan Owner 1997-1 v. Bryant , 372 Ark. 466, 482, 277 S.W.3d 576, 588 (2008). In reaching that conclusion, the court cited Newberg on Class Actions for the proposition that when a class consists of forty or more plaintiffs, there is a presumption that joinder is impracticable. Id. (citing Alba Conte & Herbert Newberg, Newberg on Class Actions § 3.5 (4th ed. 2002)). More appropriate in this case, however, is Newberg's discussion on classes falling within the numerical "gray area" of twenty to forty members. William B. Rubenstein, Newberg on Class Actions § 3:12 (5th ed. 2011). A class of less than forty members is not entitled to a presumption that joinder is impracticable on sheer numbers alone. Id. Rather, when a class falls within this gray area, courts should consider "a series of impracticality factors beyond numbers alone." Id. These factors include "judicial economy arising from avoidance of a multiplicity of actions, geographic dispersion *910 of class members, size of individual claims, financial resources of class members, and the ability of claimants to institute individual suits." Id.
Here, the circuit court abused its discretion in certifying a class that is not entitled to the numerosity presumption and the record does not support a finding of numerosity. This class falls within the numerical "gray area" defined by Newberg-thirty-six potential members. Yet nothing in the court's order suggests that it looked beyond numbers alone in reaching its numerosity decision. The circuit court made no findings as to whether joinder would be impracticable based on the geographic dispersion of class members, the size of individual claims, the financial resources of the class members, or the ability of claimants to institute individual suits. And although the court discussed judicial economy when setting forth its findings on superiority, there is no indication that judicial economy influenced its decision regarding numerosity. In other words, the circuit court certified what appears to be the smallest class ever certified in Arkansas without providing any indication as to why joinder for the remaining twenty-nine members would be impracticable.
Our court's review is of the record to determine whether the circuit court abused its discretion and the record is equally devoid of any evidence demonstrating that joinder is impracticable. See Philip Morris Cos., Inc. v. Miner , 2015 Ark. 73, at 3, 462 S.W.3d 313, 316 (stating that when we review a class-certification order, we focus on the evidence in the record to determine whether it supports the circuit court's conclusion regarding certification). What is clear from the record, however, is that the proposed class members are all lessors in Franklin County, and all share interest in real property fixed in a specific location. And although appellees filed their complaint well over three years ago, none of the remaining twenty-nine members elected to join the action, and none have instituted an action of their own. If "[t]he avoidance of a multitude of suits lies at the heart of any class action certification," then the court today has affirmed certification of a class without a pulse. BNL Equity Corp. v. Pearson , 340 Ark. 351, 361, 10 S.W.3d 838, 844 (2000).
Simply stated, appellees here failed their evidentiary burden with respect to numerosity because the record lacks any evidence suggesting that joinder is impracticable. See Valley v. Nat'l Zinc Processors, Inc. , 364 Ark. 184, 190, 217 S.W.3d 832, 837 (2005) (explaining that it is the plaintiff's burden to establish each of the six certification factors). Although our standard of review is deferential to the circuit court's discretion, we should not feel bound to affirm an unprecedented decision simply because the circuit court said so. Without any indication that joinder is impracticable, I find that the circuit court abused its discretion in finding that appellees satisfied the numerosity requirement for class certification. Accordingly, I would reverse.
Kemp, C.J., and Womack, J., join in this opinion.